## The People ex rel. The City of Grand Rapids v. The Board of Supervisors of Kent County.

*Auditing of costs of the Police Court of Grand Rapids.*

The act establishing a police court for Grand Rapids makes it discretionary with the police justice to require security for costs from the complaining witness in all cases. *Held* that this cannot be limited to cases arising under the city charter and ordinances; and to the extent of making the power discretionary supersedes Comp. L., § 7488 as to offenses, generally; and that the auditing of costs by the board of supervisors cannot depend upon the way this discretion is exercised.

The court judicially notices that a board of supervisors does not meet monthly.

The general law requires the expense of enforcing the criminal statutes of the State to be borne by the counties.

Where the jurisdiction of the police justice of a city is made concurrent with that of justices of the peace, the costs of the police court, unless otherwise provided by the act creating it, become at once a proper charge against the county in cases where sentence is suspended or the accused is found not guilty, or discharged for want of prosecution.

Under the Grand Rapids police court act, costs that have been taxed and for which judgment has been rendered, do not become a proper charge against the county until an effort to collect them has been made by the police justice and failed.

The police justice of Grand Rapids has jurisdiction of proceedings against disorderly persons under the general law. The county is properly chargeable with the expenses of such proceedings, but not with the expenses of such as are brought under the city charter and ordinances.

The charter of Grand Rapids makes the expenses of enforcing the criminal laws of the State in certain cases a charge against the county, provided that all persons arrested without process by police constables or the city marshal, be prosecuted under city ordinances unless otherwise directed by the prosecuting attorney. *Held* that where parties are thus arrested without process, the costs in all cases that might have been prosecuted under the ordinance cannot be made a charge against the county, whatever the procedure, unless the prosecuting attorney directed it to be taken under the State laws.

40 MICH.—61.

The trial fee of one dollar allowed to a police justice may be charged in all cases, however short the trial, but not where the case was dismissed or a *nolle prosequi* entered.

MANDAMUS. Submitted January 28. Decided April 9.

*Wm. Wisner Taylor* for relator.

*Frank G. Holmes* for respondent.

MARSTON, J. This is an application for a mandamus to compel the board of supervisors of Kent county to audit and allow certain accounts presented by the city of Grand Rapids for police justice and police officers' fees.

Under an act to establish and organize a police court in the city of Grand Rapids, certain criminal jurisdiction is given to the police justice, and by the act certain specified fees are by him to be taxed as costs in each case, to be collected and paid to the treasurer of said city; the police justice, the chief of police, and members of the police force receiving in lieu thereof an annual salary to be fixed by the common council and paid by the city.

In relator's petition three classes of cases are presented: those in which the police justice had jurisdiction to examine and hold to bail; cases where he had jurisdiction to try; and cases arising under the disorderly act; and each class is again subdivided, showing the manner in which the case was disposed of by the police justice.

It is not disputed but that the fees in criminal cases, under certain circumstances, are a proper claim against the county, but it is claimed that in those cases in which the prosecution failed, unless security for costs was required, such costs could not be charged against the county; that in cases where sentence was suspended or the respondent found not guilty or discharged, costs

could not be charged against the county; that costs can only be charged against the county where they have become a part of the judgment against the respondent and an effort has been made to collect the same and failed; and that costs in the third class cannot be charged against the county, as the jurisdiction of the police justice in that class of cases is not under the general statute relating thereto, but under the charter and ordinances of the city.    Other questions are raised which will be noticed hereafter.

By section 2 of the act referred to (3 Sess. Laws, 1873, p. 189) the police justice is given sole and exclusive jurisdiction to issue process for, hear, try and determine all offenses against the charter of said city, or the by-laws or ordinances of the common council, and concurrent jurisdiction with justices of the peace, in the arrest and examination or trial of offenders against the general laws of the State for offenses committed within the limits of the city.

Section 7 provides that the police justice shall have authority in all cases, at his discretion, to require of the complaining witness security for costs.    If the accused be discharged on examination, or acquitted on trial, he shall enter a judgment for costs against the surety and complaining witness, either or both, which shall be of like force and effect, and shall be collected on execution, as any other justice's judgment: *Provided*, before rendering such judgment said justice shall certify on his record that such payment of costs by such complainant, in his opinion is just and equitable.    The provisions of this section clearly cannot be limited to cases arising under the charter, by-laws and ordinances.    While it resembles somewhat the general statute of the State relative to security for costs in criminal cases, yet unlike that statute, which makes it the duty of the magistrate to require security in all cases where the prosecution is at the instance of some private person, this leaves it to the

discretion of the police justice to require such security to be given, and to this extent the general statute, Comp. L., § 7488, is supplanted. This provision of the Police Court act clearly contemplates that the police justice will in certain cases require security to be given, while in others he will not; that he will exercise a judicial discretion upon that subject in each case when it comes before him; and that even where security is required and the prosecution fails, judgment for costs shall not be rendered against the complainant and surety unless the justice can certify that in his opinion such a result would be just and equitable. Under this provision it is therefore left to the discretion of the justice whether he shall require security to be given at all, and even if he does, whether he shall in any event render judgment thereon. This discretion can be exercised by the police justice and by him only, and cannot become a subject of review by the board of supervisors. And the auditing of costs, otherwise proper, can in no way be made to hinge upon the fact whether security for costs was or was not required.

*Secondly.* In reference to cases where costs have been taxed and judgment rendered therefor, but no effort made by the police justice to collect the same.

The provisions of the act, requiring costs to be audited by the supervisors in cases where they have been taxed against the defendant, is as follows: "And in case the costs aforesaid, taxed against the defendant in any sentence imposed by such justice in suits tried and determined by him, for a violation of the criminal laws of this State, shall not be paid by said defendant, the same shall be audited by the board of supervisors aforesaid, and paid out of the treasury of said county. It shall be the duty of said justice to collect such costs and pay the same to the treasurer of said city at the close of each month, taking his receipt therefor, * * and shall report the same to the common council of said

city, at its first regular meeting in each month." Local Acts, 1875, p. 744, § 8.

This last clause making it the duty of the police justice to collect such costs and pay over and report the same each month, cannot refer to a collection by him from the county, as it is well known monthly meetings of the board of supervisors are not held,—a fact of which we may take judicial notice;—therefore he could not collect and pay over monthly in this manner. It has reference to a collection to be made from the respondent against whom a judgment for costs has been rendered. An effort, therefore, should be made in the regular and customary manner by the police justice to collect such costs, and failing so to do, then and not sooner they become a proper charge against the county. This however can have no application to cases where sentence has been suspended. In such a case the charge at once becomes a proper one against the county. The same is equally true in cases where the accused is found not guilty, or discharged for want of prosecution. Such costs at once become a proper claim against the county, and this by virtue of the general laws of the State. The jurisdiction of the police justice is concurrent with that of justices of the peace, in the trial of criminal cases, and the same rules must govern, unless as otherwise provided in the police act. Under the general laws the expense of enforcing the criminal statutes of the State must be borne by the counties, and the same rule must apply here. See also sec. 25, title 4 of charter.

*Thirdly.* In reference to cases against disorderly persons. We are of opinion that the police justice has jurisdiction in cases where persons are proceeded against under the statute. Where the proceedings are under the statute, the expenses thereof are a proper charge against the county, but not where the proceedings taken are under the charter, by-laws or ordinances. An examination of the files and records in a given case will readily determine where it belongs.

What has thus far been said is considered applicable alike to police justice's and police officers' fees. We now come to consider some of the less important questions raised.

It is said the relator does not show what persons were arrested without process by members of the police force.

Section 25 of title 4 of the charter of Grand Rapids (Local Acts, 1877, p. 149) makes the expense of enforcing the criminal laws of the State in certain cases a charge against the county; *Provided*, "That all persons arrested without process by police constables or city marshal shall be prosecuted under the city ordinances, unless otherwise dictated by the prosecuting attorney of the county of Kent."

This provision contemplates that a class of offenders may be arrested without process. It also contemplates that the offense for which they are arrested may be of such a grade that they should be proceeded against therefor under the general laws of the State, and that the public prosecuting officer shall be called upon to determine that question.

This is eminently proper, and tends to the enforcement of justice and to prevent conflicts between the city and county officers. This provision should be strictly obeyed and enforced. In so doing all petty offenses will be prosecuted under the city ordinances while those of a higher grade will come under the general statutes. Where parties are thus arrested without process, the costs in connection therewith, in all cases that might have been prosecuted under the ordinances, cannot be made a charge against the county, no matter how proceeded against, unless the prosecuting attorney has been called upon, and directed the proceedings to be carried on under the State laws.

As to the trial fee of one dollar made by the police justice, the statute allows for trying each cause one dollar. Where the case is tried, this charge can be made

without any reference to the time occupied in the trial or the number tried in any one day. In cases dismissed or *nol. pros'd,* no such charge can be made.

We have thus, we think, passed upon all the questions raised that are necessary to enable the city and board of supervisors to adjust the matter in dispute without farther trouble. This, we presume, is all that has been desired. The writ will issue if desired, but without costs.

The other Justices concurred.