BIRMINGHAM AND LAMPHERE SCHOOL DISTRICTS v
SUPERINTENDENT OF PUBLIC INSTRUCTION

Docket No. 55809. Submitted December 8, 1981, at Lansing.—Decided
October 18, 1982. Leave to appeal applied for.

The Birmingham School District made a decision to discontinue
its summer program of special education for children with
severe behavior and language disorders during the 1978-1979
school year solely on the basis of lack of funding. Judy Szulbor-
ski, whose son Brian is a handicapped child suffering from
autism and was a participant in the district's programs for
handicapped children, requested a hearing before a state ad-
ministrative officer, seeking a decision directing the continua-
tion of the summer program. After several hearings on the
matter, a local hearing officer decided that the Birmingham
School District had to provide a six-week summer program for
Brian and that Lamphere School District had to supply trans-
portation for the program. The two school districts appealed to
the State Board of Education. A state-level hearing officer
upheld the decision of the local hearing officer without the
school districts being notified of the date of the hearing, the
appointment of the hearing officer or the procedure necessary
for the filing of briefs until after the decision to uphold the
local hearing officer's decision had been made. The school
districts then filed suit against the Superintendent of Public
Instruction and the Szulborskis in Oakland Circuit Court alleg-
ing (1) that the Superintendent of Public Instruction failed to
provide plaintiffs with any notice of the pending state-level
review, thereby violating plaintiffs' right to due process and to
have an opportunity to be heard, (2) that the decision by the
state hearing officer was unsupported by competent, material
and substantial evidence and is contrary to the School Code of
1976, and (3) that the implementation of a summer enrichment
program for Brian would require an assumption of costs in
violation of the Headlee Amendment to the Michigan Constitu-

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law § 419.
[2] 1 Am Jur 2d, Administrative Law § 185.
[3-6] 15 Am Jur 2d, Civil Rights § 248.7.

tion. The trial court, Francis X. O'Brien, J., granted defendants' motions for summary judgment, concluding that plaintiffs' due process argument was moot since the opportunity to present oral arguments was given to plaintiffs in the trial court and that there was sufficient evidence for the hearing officer to have found that some program or service was needed to meet Brian's unique needs during the summertime. The court also rejected plaintiffs' argument regarding the applicability of the Headlee Amendment on the ground that the legislation at issue was existing and in force prior to the enactment of the Headlee Amendment. Plaintiffs appeal. *Held:*

1. The trial court did not err in refusing to remand the cause to the state hearing officer so that plaintiffs could present written or oral arguments to the hearing officer.

2. The local hearing officer had authority to order Birmingham School District to provide a program of summer enrichment activities which was essentially noninstructional in nature.

3. Because the issue of the state's duty to provide funding for Brian's education was not addressed by the local hearing officer, the state-level hearing officer, or the trial court in their respective opinions, plaintiffs remain free to bring a separate action for reimbursement from the State Department of Education.

4. Plaintiffs' contention that the action of the Department of Education in requiring Birmingham School District to provide a summer enrichment program violates the Headlee Amendment is without merit. The Headlee Amendment is inapplicable because it provides only that the state is prohibited from reducing its own proportion of the costs of any existing activity or service required of units of local government by state law. The decision to require plaintiffs to provide the needed program was based in large part on federal statutes. Furthermore, requiring plaintiffs to implement a summer enrichment program is not a new requirement under state law which would require the application of the Headlee Amendment.

Affirmed.

1. SCHOOLS — HANDICAPPED CHILDREN — ADMINISTRATIVE HEARINGS.

The decision to allow the parties to a hearing before the State Department of Education an opportunity for oral or written argument is left entirely to the state hearing officer's discretion where the hearing is held to determine an appropriate program for a handicapped child pursuant to state and federal law (34 CFR 300.510; 1979 AC, R 340.1725).

2. ADMINISTRATIVE LAW — LEGAL ISSUES.

   Legal issues should be brought to the attention of a court, not an administrative factfinder.

3. SCHOOLS — HANDICAPPED CHILDREN — SPECIAL EDUCATION PROGRAMS.

   A local hearing officer for the State Board of Education had authority to order a school district to provide a program of summer enrichment activities which was noninstructional in nature to a student suffering severe autism; such activities are within the ambit of the definitions of "special education" or "related services" found in the federal statutes governing education of handicapped children (20 USC 1401 *et seq.*).

4. SCHOOLS — HANDICAPPED CHILDREN — SPECIAL EDUCATION PROGRAMS.

   A school district may be required to provide special education programs to handicapped children in excess of 180 days per year (MCL 380.1751[4]; MSA 15.41751[4]).

5. SCHOOLS — HANDICAPPED CHILDREN — SPECIAL EDUCATION PROGRAMS — HEADLEE AMENDMENT.

   Action by the Department of Education in requiring a school district to provide a summer enrichment program for a student suffering severe autism does not violate the Headlee Amendment to the Michigan Constitution because the decision to require the program was based largely on federal law and the Headlee Amendment provides only that the state is prohibited from reducing its own proportion of the costs of any existing activity or service required of units of local government by state law (Const 1963, art 9, § 29).

6. SCHOOLS — HANDICAPPED CHILDREN — SPECIAL EDUCATION PROGRAMS.

   School districts are obligated to provide schooling in excess of 180 days per year if necessary to provide a particular child a free appropriate public education within the meaning of federal statutes governing education of handicapped children (20 USC 1412[1]).

*Clark, Hardy, Lewis, Fine & Pollard, P.C.* (by *Richard E. Kroopnick),* for Birmingham and Lamphere School Districts.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Gerald F. Young,*

*Paul J. Zimmer,* and *Richard P. Gartner,* Assistants Attorney General, for Superintendent of Public Instruction.

*Michael J. Kiley,* Michigan Protection and Advocacy Service for Developmentally Disabled Citizens, for defendants Szulborski.

Before: MacKenzie, P.J., and M. F. Cavanagh and D. F. Walsh, JJ.

M. F. Cavanagh, J. The facts in this case are undisputed. Defendant Brian Szulborski is a 14-year-old handicapped child suffering from autism, a neurological disorder which severely impairs his ability to interact with his environment and to communicate with other people. Plaintiff Birmingham School District, in which Brian resides, had determined that he is severely emotionally impaired and eligible for special education services and programs. Brian has been enrolled in the school's program for children with severe behavior and language disorders, a program which has heavily structured training and socialization, behavior modification and cognitive learning.

From 1974 to 1979, the Birmingham program included a summer session of six to eight weeks duration, which was funded by the federal government, the state, and the Oakland County Intermediate School District. During 1978, plaintiff sought additional funding from the Oakland County Intermediate District to offset the impending loss of federal aid, which was scheduled to terminate during 1979. Plaintiff's application was denied, and the summer program was then discontinued, solely on the basis of lack of funding.

After receiving notice that the summer program would be terminated during the 1978-1979 aca-

demic year, defendant Judy Szulborski, Brian's mother, requested a hearing before a state administrative officer, seeking a decision directing the continuation of the summer program in which Brian had participated for four years. The local hearing officer held a series of administrative hearings to determine whether the summer program was necessary in order for Brian to obtain an "appropriate" education within the meaning of MCL 380.1751 *et seq.;* MSA 15.41751 *et seq.* and 20 USC 1401 *et seq.* The hearing officer decided that, to comply with the foregoing statutes, Brian needed to receive a six-week summer program of instruction and "enrichment activities". His opinion noted that:

"The testimony almost without exception of each witness, including those called by the school districts, unmistakably was to the effect that some program or service was needed to meet Brian's unique needs during the summertime, the only difference of opinion being as to whether it should be an extension of the school year in terms of classroom programming or other activities and services."

The hearing officer's decision stated that in order to meet Brian's educational needs, plaintiff Birmingham School District must provide him with a six-week summer program and that plaintiff Lamphere School District, the school district of Brian's former residence, must supply transportation for the program.

The two school districts appealed by right the hearing officer's decision to the State Board of Education which, under state and federal administrative rules, is required to conduct an impartial review of the local hearing. Plaintiffs' appeal letter was accompanied by a copy of the hearing officer's

decision, the transcript and exhibits from the administrative hearing, and the briefs which had been submitted to the hearing officer. The letter requested advice regarding the time limits for filing a brief in support of plaintiffs' position.

Despite their efforts, plaintiffs were unable to find out who the state-level hearing officer would be and what procedure was necessary for the filing of briefs. Plaintiffs' attorney telephoned the Superintendent of Public Instruction for procedural information, but was advised that no state-level hearing officer had yet been appointed but that plaintiffs would be advised once an appointment was made. Plaintiffs allege that they received no further communication regarding the status of their appeal until plaintiffs received a copy of the decision made by the state hearing officer. The decision upheld the local hearing officer's finding that a summer program of enrichment activities was appropriate to meet Brian's educational needs. The decision was accompanied by a cover letter advising plaintiffs of the state hearing officer's appointment. Defendants do not dispute the accuracy of plaintiffs' representation concerning these events.

Plaintiffs then began this action in the Oakland County Circuit Court, alleging that the Superintendent of Public Instruction failed to provide plaintiffs with any notice of the pending state-level review, thereby violating plaintiffs' rights to due process and to have an opportunity to be heard. Plaintiffs also alleged that the decision by the state hearing officer was "unsupported by competent, material and substantial evidence and is contrary to the School Code of 1976". Furthermore, plaintiffs alleged that the implementation of a summer enrichment program for Brian would

require an assumption of costs in violation of Const 1963, art 9, § 29 (the so-called Headlee Amendment).

The trial court granted defendants' motions for summary judgment. The court concluded that plaintiffs' due process argument regarding not having had the opportunity to present oral arguments to the state hearing officer was moot since the opportunity to do so was given to plaintiffs in the trial court. The court also concluded that there was sufficient evidence for the hearing officer to have found that some program or service was needed to meet Brian's unique needs during the summertime, and this decision was supported by the testimony, almost without exception, of each witness including those called by the Birmingham School District. The trial court thus affirmed the administrative finding that plaintiff Birmingham School District is required to provide a program of noninstructional summer enrichment activities to an autistic child residing in the district. Finally, the trial court rejected plaintiffs' argument regarding the applicability of the Headlee Amendment on the ground that the legislation at issue was existing and in force prior to the enactment of the Headlee Amendment. The trial court reasoned that since the State Special Education Code, MCL 380.1751 *et seq.;* MSA 15.41751 *et seq.,* and the corresponding federal statute, 20 USC 1401 *et seq.,* antedated the Headlee Amendment, any requirements imposed under the authority of those laws could neither be considered new activities nor increases in the level of activities as of the effective date of the Headlee Amendment. Plaintiffs appeal by right the trial court's order granting defendants' motions for summary judgment.

The first issue which this Court is called upon to

decide is whether the trial court erred in refusing to remand the cause to the state hearing officer so that plaintiffs, the school districts, could present written or oral arguments to the hearing officer. We find no reversible error because the decision to allow the parties an opportunity for oral or written argument is left entirely to the state hearing officer's discretion.

The state regulation in effect at the time of the state-level review in the instant case, 1979 AC, R 340.1725, provided in pertinent part:

"If a [party] is not satisfied with the decision rendered by the hearing as set forth in R 340.1724, he may appeal to the superintendent of public instruction for a review of the case. * * * *The decision of the superintendent of public instruction or his designee may be made entirely from such records [of the school district hearing], or he may require a full hearing involving all or selected parties in the case, and review the decision de novo. * * *.*" (Emphasis added.)

The corresponding federal regulation sets forth the requirements for state-level review as follows:

"(b) If there is an appeal, the State education agency shall conduct an impartial review of the hearing. The official conducting the review *shall:*

\* \* \*

"(3) *Seek additional evidence if necessary* * * *

"(4) *Afford the parties an opportunity for oral or written argument, or both, at the discretion of the reviewing official.* * * *"

45 CFR 121a.510 (redesignated as 34 CFR 300.510 effective November 21, 1980). (Emphasis added.)

We find that the foregoing regulations in effect at the time of these proceedings provided that the state hearing officer's decision may be made en-

tirely on the record of the local hearing, and that the decision to permit the submission of additional evidence or argument is left entirely to the state hearing officer's discretion. Accordingly, under the language of the regulations, the reviewing officer need not afford the parties an opportunity for oral or written argument.

Even if the state and federal regulations were interpreted to require the state hearing officer to afford plaintiffs an opportunity to submit a brief or present oral arguments before rendering a decision, we believe there was no prejudicial error in the present case. The only other issues raised by plaintiffs for this Court's consideration are of a legal nature, namely, (1) whether state and federal special education statutes authorize a summer program of noninstructional enrichment activities, and (2) whether the local hearing officer's decision to require such a program would involve an assumption of costs in violation of the Headlee Amendment. Plaintiffs would derive little, if any, benefit from arguing the merits of these legal issues in an administrative review conducted by the state hearing officer. Such issues should be brought to the attention of a court, rather than an administrative factfinder. *University of Michigan Regents v Employment Relations Comm,* 389 Mich 96, 103; 204 NW2d 218 (1973). Thus, since the primary issues remaining on appeal are of a legal nature, we conclude that plaintiffs were not unfairly prejudiced by the trial court's decision to address these issues without first remanding to the state hearing officer.

The second issue raised on appeal is whether the trial court erred in affirming the administrative finding that plaintiff school district is required to provide a program of noninstructional summer

enrichment activities to an autistic child residing in the district. Plaintiffs argue that special education statutes and regulations clearly contemplate that school districts should be required to provide only programs which are primarily of an instructional nature and not to conduct what is essentially a social services program. Plaintiffs also challenge the length of the summer program ordered by the local hearing officer.

First, we find the local hearing officer had authority to order plaintiff school district to provide a program of summer enrichment activities which was essentially noninstructional in nature. Such activities are within the ambit of the definitions of "special education" or "related services" found in the federal statute, the Education for All Handicapped Children Act, 20 USC 1401 *et seq.* The act defines "free appropriate public education" as "special education and related services", 20 USC 1401(18). The act goes on to define "special education" as follows:

"(16) The term 'special education' means *specially designed instruction,* at no cost to parents or guardians, to meet the unique needs of a handicapped child, including classroom instruction, instruction in *physical education,* home instruction, and instruction in hospitals and institutions." 20 USC 1401(16). (Emphasis added.)

The statutory definition of "related services" is as follows:

"(17) The term 'related services' means transportation, and such developmental, corrective, and other supportive services (including speech pathology and audiology, psychological services, physical and occupational therapy, *recreation,* and medical and counseling services, except that such medical services shall be for

diagnostic and evaluation purposes only) *as may be required to assist a handicapped child to benefit from special education,* and includes the early identification and assessment of handicapping conditions in children." 20 USC 1401(17). (Emphasis added.)

We find that, under the federal statute, Brian has a right to receive a "free appropriate public education". 20 USC 1412(1). Various witnesses, including one of plaintiffs' own experts, testified that in Brian's case it was necessary to conduct a program which involved outdoor activities in order for Brian to obtain an "appropriate" education under the statute. We find no reason to question the local hearing officer's conclusion that the proposed summer enrichment activities (camping, field trips, swimming, other sports, playground and recreational activities, gardening and work skills training) fall within the broad definitions of "special education" and "related services", as those terms are defined in 20 USC 1401, subds (16) and (17). This Court notes that the term "special education" specifically includes "instruction in physical education", 20 USC 1401(16), and that the term "related services" specifically includes such "supportive services" as "recreation". 20 USC 1401(17).

Second, plaintiffs are incorrect in stating that the state program for the education of the emotionally impaired requires only a 180-day program. The regulations relied upon by plaintiffs, 1979 AC, R 340.1733(h) and R 340.10, provide only for a *minimum* of 180 days of instruction per year for such students. The School Code of 1976, MCL 380.1751(4); MSA 15.41751(4), expressly confers upon local school districts the authority to "provide additional special education programs and services not included in, or required by, the intermediate district plan". Accordingly, we find some

basis in state law for the hearing officer's decision to require an educational program in excess of 180 days.

We conclude that there is nothing invalid under state or federal law about either the nature or the length of the summer program which the local hearing officer required plaintiffs to provide Brian. However, since the issue of the state's duty to provide funding for Brian's education was not addressed by the local hearing officer, the state-level hearing officer, or the trial court in their respective opinions, plaintiffs remain free to bring a separate action for reimbursement from the State Department of Education under MCL 388.1652; MSA 15.1919(952).

Lastly, plaintiffs allege that the action by the Department of Education in requiring plaintiff to provide a summer enrichment program violates the Headlee Amendment, Const 1963, art 9, § 29. We find no merit to plaintiffs' contention regarding this issue.

The Headlee Amendment, Const 1963, art 9, § 29, provides in pertinent part:

"The state is hereby prohibited from reducing the state financed proportion of necessary costs of any existing activity or service required of units of Local Government by state law. *A new activity or service or an increase in the level of any activity or service beyond that required by existing law shall not be required* by the legislature or any state agency *of units of Local Government, unless a state appropriation is made* and disbursed to pay the unit of Local Government for any necessary increased costs." (Emphasis added.)

This amendment took effect on December 22, 1978. The local hearing officer's decision was issued in March of 1979 and, according to plaintiffs, was

therefore covered by the foregoing amendment. Plaintiffs contend that the trial court erroneously interpreted the Headlee Amendment as being applicable only to activities required by "new legislation" whereas "new administrative interpretation of existing law" should also require reimbursement by the state.

Even if an administrative interpretation of existing law which would require a unit of local government to increase its activities and services is covered by the Headlee Amendment, we do not believe requiring plaintiffs to implement a summer enrichment program violates Headlee. The decision to require plaintiffs to provide the needed program was based in large part on the federal statute, the Education for All Handicapped Children Act, 20 USC 1401 *et seq.,* because defendant's entitlement to a "free, appropriate public education" is based on federal as well as state law. By its own terms, the Headlee Amendment is inapplicable because it provides only that the state is prohibited from reducing its own proportion of the "costs of any existing activity or service required of units of local government *by state law".*

Furthermore, the requirement that a local school district provide certain handicapped children with services of a noninstructional nature or program of more than 180 days duration is not a "new" requirement which would require the application of the Headlee Amendment, even if that amendment were applicable to the requirements of federal legislation. In *Armstrong v Kline,* 476 F Supp 583 (ED Pa, 1979), *aff'd sub nom Battle v Commonwealth of Pennsylvania,* 629 F2d 269 (CA 3, 1980), the Court specifically held that "for certain handicapped children * * * a program in excess of 180 days is required if they are to attain

that level of self-sufficiency that is otherwise possible given an appropriate education". 476 F Supp 583, 605. The Court struck down as violative of the Education for All Handicapped Children Act a state policy under which no child, handicapped or otherwise, could receive an education program for a period in excess of 180 days per school year. *Kline,* p 605. In *Georgia Ass'n of Retarded Citizens v McDaniel,* 511 F Supp 1263, 1278 (ND Ga, 1981), the Court held that "[i]f a particular child is determined to need schooling in excess of 180 days in order to have a 'free appropriate public education', the defendants are obligated to provide it". The opinions in these cases reveal that it was the intention of the drafters of the federal legislation that both the duration and nature of special education programs be highly flexible so as to ensure that all children receive a "free appropriate public education" within the meaning of 20 USC 1412(1). Thus we conclude that requiring plaintiffs to implement a summer enrichment program is not a new requirement under the law which would require the application of the Headlee Amendment.

Affirmed. No costs, as a public question is involved.