UNIVERSITY EMERGENCY SERVICES, PC v CITY OF DETROIT

Docket Nos. 71637, 74225. Submitted April 18, 1984, at Detroit.—
Decided August 10, 1984. Leave to appeal denied, 422 Mich —.

On June 9, 1982, plaintiff, University Emergency Services, P.C., a
provider of emergency medical services, brought an action in
the Wayne Circuit Court seeking a declaratory judgment as to
which of the defendants was liable for past, present and future
payments for emergency medical care provided to prisoners
charged with the violation of state criminal statutes. Named as
defendants were the City of Detroit, County of Wayne, Wayne
County Board of Auditors, Wayne County Board of Commis-
sioners and the Wayne County Sheriff's Department. By con-
tract, the City of Detroit agreed to pay for the medical care of
prisoners charged with the violation of city ordinances. How-
ever, the contract left it for the courts to determine whether
the city is liable for the medical expenses of those taken into
custody for violations of state law. Plaintiff also contracted with
Wayne County to provide care for prisoners deemed to be the
responsibility of the sheriff. Based on the vague provisions in
their contracts, both the city and the county denied responsibil-
ity for the cost of treating prisoners in the custody of the
Detroit police and charged with violating state law. The trial
court, Thomas Roumell, J., held the county liable for the
expenses of enforcing state law. Plaintiff moved for entry of a
judgment of $209,295 against the county, based on its claimed
treatment of 5,847 prisoners between July 1, 1980, and August

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 60 Am Jur 2d, Penal and Correctional Institutions §§ 1, 13.
[2] 5 Am Jur 2d, Arrest § 24.
   60 Am Jur 2d, Penal and Correctional Institutions § 16.
[2, 4] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
   Political Subdivisions §§ 114, 193, 207.
   70 Am Jur 2d, Sheriffs, Police, and Constables §§ 21, 24.
[3] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
   Political Subdivisions § 579 *et seq.*
   73 Am Jur 2d, Statutes § 343.
[5] 45 Am Jur 2d, Interest and Usury §§ 96, 97.
[6] 45 Am Jur 2d, Interest and Usury §§ 73, 74.

31, 1982. The county filed objections to entry of a judgment and a motion for a new trial. The trial court adjourned the matter until May 20, 1983, so that the county could "review what the charges were". The trial court also denied the motion for a new trial. At the May 20 hearing, the court entered a judgment for plaintiff for the expenses of treating 4,095 prisoners and ordered that the parties had 45 days to agree upon the liability for the remaining patients. Statutory interest was awarded from the date that the complaint was filed. Plaintiff and the city then agreed that the city would admit responsibility for 342 patients. Unable to reach agreement on responsibility for the remaining patients, the parties again appeared before the court. A supplemental judgment was entered in plaintiff's favor, with interest awarded from the time that the action was commenced. The county was given 90 days to present evidence that it was not responsible for some or all of the 1,370 prisoners covered by the supplemental judgment. The county brought appeals from both of the judgments. The appeals were consolidated by the Court of Appeals. *Held:*

1. The Court of Appeals disagreed with the county's argument that the word "charged", as used in MCL 801.4, refers to formal arraignment on a warrant and that, until then, the county is not liable for medical care.

2. The Court of Appeals found the county's contention that the trial court interpreted the amendment of MCL 801.4 in a manner that violated the Headlee Amendment's prohibitions to be without merit.

3. There was a reasonably certain factual basis for the damage award.

4. Once the plaintiff's claim was determined to be valid by the trial court, the county was properly compelled to pay it. Under the circumstances, the county waived any statutory protection it enjoys under MCL 801.4 in regard to unaudited and unverified claims by not auditing any claim submitted by the plaintiff pursuant to the contract.

5. Interest should not be awarded on claims for payment for treatment of individuals after June 9, 1982, who were arrested on state charges. Therefore, the trial court's award is affirmed and the case is remanded to the trial court with instructions to amend the supplemental judgment as follows. The number of state-charged individuals treated after June 9, 1982, shall be determined, then multiplied times the proper contract rate, and that figure subtracted from the $48,936 (the amount awarded plaintiff against defendant county in the supplemental judg-

ment) to arrive at the amount on which interest is to be computed.

6. The county's argument that statutory interest may not be awarded in contract actions lacks merit.

Affirmed and remanded with directions.

1. PRISONS AND PRISONERS — COUNTIES — JAILS — EXPENSES — PERSONS CHARGED WITH AN OFFENSE.

The word "charged" used in a statute concerning county jails and the charges and expenses of safekeeping and maintaining prisoners and persons charged with an offense does not refer to formal arraignment on the warrant (MCL 801.4; MSA 28.1724).

2. ARREST — MEDICAL EXPENSES — COUNTIES.

The determination of whether an officer is authorized to make an arrest ordinarily depends, in the first instance, on state law; whether the person making the arrest wears a state or local badge, or whether he is a private citizen, he acts pursuant to state authority and medical expenses attendant to the arrest are, therefore, chargeable to the county; under the general laws, the expense of enforcing the criminal statutes of the state must be borne by the counties (MCL 764.16; MSA 28.875).

3. STATUTES — LOCAL GOVERNMENTS — STATE FUNDING — HEADLEE AMENDMENT.

A statute which provides only clarifying nonsubstantive changes in an earlier existing law or a judicial interpretation of an existing statute which results in new expenditures does not violate the Headlee Amendment's prohibitions against the state requiring any new or expanded activities by local governments or mandating an increase in the level of any local activity without full state funding (Const 1963, art 9, §§ 25, 29; MCL 21.233[7]; MSA 5.3194[603][7]).

4. PRISONS AND PRISONERS — COUNTIES — JAILS — EXPENSES — AUDITS — WAIVERS.

A statute regarding the charges and expenses of safekeeping and maintaining prisoners and persons charged with an offense requires that charges of maintaining prisoners shall be paid from the county treasury, the accounts therefor being first settled and allowed by the county board of commissioners; a county may be determined to have waived any protection it may have under this statute to audit and verify such charges and expenses where the circumstances indicate such a waiver (MCL 801.4; MSA 28.1724).

5. JUDGMENTS — INTEREST — DATE OF FILING COMPLAINT.

Interest shall be allowed on a money judgment in a civil action

from the date of filing the complaint; interest should not be allowed in regard to claims which have accrued after the complaint is filed; the purpose of the award of such interest is to compensate for the loss of the use of funds (MCL 600.6013; MSA 27A.6013).

6. JUDGMENTS — INTEREST — CONTRACT ACTIONS.

Statutory interest may be awarded in a contract action; the statute pertaining thereto applies to all damages sought and sustained in a civil action brought for the recovery of money damages (MCL 600.6013; MSA 27A.6013).

*Nelson S. Chase,* for University Emergency Services, P.C.

*John D. O'Hair,* Corporation Counsel, and *W. B. McIntyre, Jr.,* Assistant Corporation Counsel, for County of Wayne, Wayne County Board of Auditors, Wayne County Board of Commissioners and the Wayne County Sheriff's Department.

*Donald Pailen,* Corporation Counsel, *Mark R. Ulicny,* Deputy Corporation Counsel, and *Kay D. Schloff* and *Harnetha Williams-Jarrett,* Assistants Corporation Counsel, for the City of Detroit.

Before: SHEPHERD, P.J., and BEASLEY and W. J. CAPRATHE,* JJ.

PER CURIAM. Defendant Wayne County appeals as of right from judgments entered for plaintiff, University Emergency Services, P.C. Plaintiff, a provider of emergency medical services, filed a complaint seeking declaratory judgment as to which of the defendants was liable for past, present and future payments for emergency medical care provided to prisoners charged with violation of state criminal statutes. By contract, the City of Detroit agreed to pay for the medical care of prisoners charged with the violation of city ordi-

* Circuit judge, sitting on the Court of Appeals by assignment.

nances. However, the contract left it for the courts to determine whether the city is liable for the medical expenses of those taken into custody for violations of state law. Plaintiff also contracted with Wayne County to provide care for prisoners "deemed to be the responsibility of the sheriff".

Based on the vague provisions in their contracts, both the city and the county denied responsibility for the cost of treating prisoners in the custody of the Detroit police and charged with violating state law. The city asserted that, no matter who has custody, payment is the county's responsibility. The county maintained that its liability for medical care does not begin until the accused is formally arraigned.

The trial court held the county liable for the expenses of enforcing state law, citing MCL 801.4; MSA 28.1724, which provides:

"Except as provided in section 5a, all charges and expenses of safekeeping, and maintaining prisoners and persons charged with an offense, shall be paid from the county treasury, the accounts therefor being first settled and allowed by the county board of commissioners."

Plaintiff moved for entry of a judgment of $209,-295 against the county, based on its claimed treatment of 5,847 prisoners "for the period July 1, 1980, through August 31, 1982". Plaintiff submitted a list of prisoners treated during this period, along with the offenses with which they were charged. A hearing was held on the county's objections to entry of judgment and motion for new trial on May 6, 1983. The county's attorney argued that the decision assigning liability to the county violated the Headlee Amendment.[1] He also argued

[1] Const 1963, art 9, §§ 25, 29.

that the county should have an opportunity to audit the list submitted by plaintiff prior to judgment being rendered. The trial judge agreed that the county was "entitled to review what the charges were" and adjourned the matter to May 20. The motion for new trial was denied.

At the May 20 hearing, plaintiff's attorney stated that 4,095 of the prisoner-patients were arrested on state charges, while 1,712 others were "in dispute". The county's attorney stated that an additional 178 were in dispute. The court entered judgment for plaintiff for the expenses of treating the 4,095 and ordered "that the parties shall have 45 days in which to agree upon the liability for the remaining 1,712", as well as the 178 contested by the county. Counsel for the county objected to the court's award of statutory interest from the date that the complaint was filed, since the claims for some of the patients had not accrued by then.

Unable to reach agreement on responsibility for the remaining 1,712 patients, the parties again appeared before the court on September 16, 1983. Plaintiff and the city had agreed, based on application of a statistical average, that the city would admit responsibility for 342 of the 1,712. This left 1,370 patients whose treatment would be charged to the county. The county objected and demanded a factual determination by the court on the disputed claims which, in its view, numbered about 1,300. A supplemental judgment was entered in plaintiff's favor, with statutory interest from the time that the action was commenced. The county was given 90 days to present evidence that it was not responsible for some or all of the 1,370 prisoners covered by the supplemental judgment. The county appeals from both judgments, raising five issues.

First, the county argues that the word

"charged", as used in MCL 801.4; MSA 28.1724, refers to formal arraignment on the warrant and, until then, the county is not liable for medical care. This argument was persuasively rejected by the trial judge, who noted that *People v Ross,*[2] cited by the county for the proposition that "charge" is a specific legal action, actually states only that "charge" is defined as "the first step in the prosecution of a crime". Further, the trial judge noted that:

"Prior to February, 1982, MCL 801.4; MSA 28.1724 read as follows:

"'All charges and expenses of safekeeping and maintaining convicts, and of persons charged with offenses, and committed for examination or trial, *to the County Jail* shall be paid from the County Treasury; the accounts therefor being first settled and allowed by the Board of Supervisors.' (Emphasis added.)

"However, with the passage of the amended statute the words 'to the County Jail' were omitted. This suggests that the Legislature amended the statute in order to clear up all doubts that custody over the prisoners is not a requirement for the imposition of liability upon the county."

The court found additional support in *Mixer v Supervisors of Manistee County,*[3] where the Court held that, with regard to enforcement of state law, "[t]he suppression of crimes and disorder is made chargeable on the county". Finally, in OAG, 1947-1948, No 793, p 722 (June 30, 1948), as relied upon by the trial court, the Attorney General stated that merely because a prisoner was confined in a

---

[2] 235 Mich 433, 444; 209 NW 663 (1926).

[3] 26 Mich 422, 424 (1873). See, also, *Stowell v Board of Supervisors for Jackson County,* 57 Mich 31; 23 NW 557 (1885), cited by the trial court for the principle that "[e]ven though the money disbursed in enforcing state laws are for the benefits of the state, the counties are made liable for the amounts expended as a means to distribute the financial burden".

hospital for treatment instead of the county jail, the county is not free from liability for his care and maintenance while in the hospital. It was the Attorney General's opinion that "charged with offenses" does not mean formal charges must be brought prior to incarceration, but that it is enough that formal charges are later filed.[4]

As the Supreme Court stated in *Michigan v De Fillippo*,[5] "[w]hether an officer is authorized to make an arrest ordinarily depends, in the first instance, on state law". Whether the person making the arrest wears a state or local badge, or whether he is a private citizen, he acts pursuant to state authority.[6] Medical expenses attendant to the arrest are, therefore, chargeable to the county. "Under the general laws the expense of enforcing the criminal statutes of the State must be borne by the counties."[7]

The county next contends that the trial court interpreted the amendment of MCL 801.4 in a manner that violated the Headlee Amendment's prohibitions against the state requiring "any new or expanded activities by local governments" or mandating "an increase in the level of any [local] activity" without full state funding.[8] This argument lacks merit.

" 'New activity or service or increase in the level of an existing activity or service' " does not include a statute "which provides only clarifying nonsubstantive changes in an earlier, existing law".[9] Moreover, a judicial interpretation of an existing

---

[4] OAG, 1947-1948, No 793, pp 722-723 (June 30, 1948).

[5] 443 US 31, 36; 99 S Ct 2627, 2631; 61 L Ed 2d 343, 348-349 (1979).

[6] MCL 764.16; MSA 28.875.

[7] *Grand Rapids v Kent County Board of Supervisors,* 40 Mich 481, 485 (1879).

[8] Const 1963, art 9, §§ 25, 29.

[9] MCL 21.233(7); MSA 5.3194(603)(7).

statute which results in new expenditures does not violate the Headlee Amendment.[10]

Third, the county argues that the court lacked a sufficient legal and factual basis for entering money judgments. Contrary to their assertions, the complaint clearly contains a request for monetary relief. There was a reasonably certain factual basis for the damage award. Plaintiff submitted a complete list, derived from its records, of the arrestees to whom plaintiff provided emergency medical care, along with the offenses with which they were charged. The county had access to plaintiff's records, but apparently failed to make use of the opportunity. Denial of defendant's motion to require answers to interrogatories was not an abuse of discretion under the circumstances.

Fourth, the county contends that the judgment improperly incorporates claims which are unaudited and unverified. According to the county, the statute contemplates a claim procedure where charges for medical care are examined by the county for reasonableness, audited, and allocated against the proper accounts in the budget.

The statute requires that charges of maintaining prisoners "shall be paid from the county treasury, the accounts therefor being first settled and allowed by the county board of commissioners". Nevertheless, under the contract, payment was to be made "according to standard County procedure". It is uncontroverted that defendant never audited any claim submitted by plaintiff pursuant to the contract. The records necessary to conduct an audit were available to the county. Under these circumstances, the county is deemed to have waived whatever protection it enjoys under MCL

[10] Birmingham & Lamphere School Districts v Superintendent of Public Instruction, 120 Mich App 465, 477-478; 328 NW2d 59 (1982), lv den 417 Mich 1100.19 (1983).

801.4. Once the claim was determined valid by the trial court, the county was properly compelled to pay it.[11]

Finally, the county contends that it was error for the trial court to apply statutory interest to the entire amount awarded as damages, when some of the claims accrued after the complaint was filed. The trial court's judgments award interest on all claims from June 9, 1982, the date the action was commenced. MCL 600.6013; MSA 27A.6013 provides that interest shall be allowed on a money judgment in a civil action "from the date of filing the complaint". In *Foremost Life Ins Co v Waters (On Remand),*[12] this Court, noting the purpose of the statute (to compensate for loss of the use of funds), held that interest should be awarded only from the date that defendant began delaying payment, when the delay began subsequent to commencement of the action.

In its brief, plaintiff also states that it is not making a claim for interest from the date of filing of the complaint for those patients treated subsequent to June, 1982. Interest should not be awarded on claims for payment for treatment of individuals after June 9, 1982, who were arrested on state charges. Therefore, while affirming the trial court's award, we remand to the trial court with instructions to amend the supplemental judgment as follows. The number of state-charged individuals treated after June 9, 1982, shall be determined, then multiplied times the proper contract rate, and that figure subtracted from the $48,936 (the amount awarded plaintiff against defendant county in the supplemental judgment) to

[11] *McQuaid v Oakland County Board of County Auditors,* 315 Mich 234; 23 NW2d 644 (1946).

[12] 125 Mich App 799, 802; 337 NW2d 29 (1983).

arrive at the amount on which interest is to be computed.

The county's argument that statutory interest may not be awarded in contract actions lacks merit. The statute "applies to all damages sought and sustained in a civil action brought for the recovery of money damages".[13]

Affirmed and remanded with instructions.

[13] *Goins v Ford Motor Co,* 131 Mich App 185, 202; 347 NW2d 184 (1983). See, also, *Militzer v Kal-Die Casting Corp,* 41 Mich App 492, 496-497; 200 NW2d 323 (1972), *lv den* 388 Mich 789 (1972).