ZIEGER OSTEOPATHIC HOSPITAL, INC v WAYNE COUNTY

Docket No. 72190. Submitted May 15, 1984, at Detroit.—Decided December 17, 1984. Leave to appeal applied for.

James Hodge was shot by a private security guard as he attempted to commit an armed robbery within the jurisdiction of Wayne County. Hodge was arrested by officers of the police department of the City of Livonia and was transported to Botsford Hospital, where he received emergency treatment. Hodge was subsequently arraigned and charged with a violation of a state criminal statute. Zieger Osteopathic Hospital, Inc., owner of Botsford Hospital, brought an action in the Wayne Circuit Court against Wayne County, the county board of auditors and the City of Livonia for a declaratory judgment as to who was responsible for payment for medical care provided Hodge. The court, Paul S. Teranes, J., granted summary judgment for plaintiff against defendant Wayne County, holding that the county was responsible for payment. Defendant Wayne County appealed. *Held:*

The statute placing responsibility for the cost of maintaining persons charged with offenses on the county applies to medical expenses incurred prior to as well as subsequent to formal arraignment. The statutory requirement of "charged with an offense" is satisfied if formal charges are subsequently brought.

Affirmed.

PRISONS AND PRISONERS — COUNTIES — MEDICAL EXPENSES.

The statute placing responsibility for the cost of maintaining persons charged with offenses on the county applies to medical expenses incurred prior to as well as subsequent to formal arraignment; the statutory requirement of "charged with an offense" is satisfied if formal charges are subsequently brought (MCL 801.4; MSA 28.1724).

*Zweig, Harkness & Kaser, P.C.* (by *Warren M. Heiter),* for plaintiff.

REFERENCE FOR POINTS IN HEADNOTE
60 Am Jur 2d, Penal and Correctional Institutions § 16.

*Harry C. Tatigian,* City Attorney, and *Cathy L. Kerby,* Assistant City Attorney, for City of Livonia.

*William B. McIntyre, Jr.,* Assistant Corporation Counsel, for Wayne County.

Before: M. J. KELLY, P.J., and BRONSON and C. W. SIMON,* JJ.

C. W. SIMON, J. In this action, plaintiff sought a declaratory judgment as to responsibility for payment for medical care it provided to James Hodge. Hodge was shot by a private security guard as he attempted to commit an armed robbery within the jurisdiction of defendant Wayne County. Hodge was arrested by officers of the police department of defendant City of Livonia and was transported to plaintiff's hospital, where he received emergency treatment. Hodge was subsequently arraigned and charged with a violation of a state criminal statute. The circuit court granted motions for summary judgment by defendant city and by plaintiff, holding that defendant county was responsible for payment. Defendant county appeals as of right.

This case turns on the construction given to MCL 801.4; MSA 28.1724, which provided at the time of Hodge's hospitalization:

"All charges and expenses of safe-keeping and maintaining convicts, and of persons charged with offenses, and committed for examination or trial, to the county jail, shall be paid from the county treasury; the accounts therefor being first settled and allowed by the board of supervisors."

Changes in the language of the section were enacted by 1982 PA 16, but we do not regard those

* Circuit judge, sitting on the Court of Appeals by assignment.

changes as relevant to the question of statutory construction presented here.

This statute reflects the general principle that counties are responsible for the costs of enforcement of state criminal laws. See *People ex rel Mixer v Manistee County Bd of Supervisors,* 26 Mich 422, 424 (1873), and *People ex rel Grand Rapids v Kent County Bd of Supervisors,* 40 Mich 481, 484 (1879). Where possible, statutes should receive a construction which avoids absurd results. See, for example, *King v Director of Midland County Dep't of Social Services,* 73 Mich App 253, 258; 251 NW2d 270 (1977). The county argues for a construction of the statute under which it would only be responsible for medical expenses incurred after formal arraignment. We reject such a construction, because it would be inconsistent with the general principle previously stated, and because we can conceive of no rational basis for a rule which limits the responsibility of counties to costs incurred after formal arraignment and which leaves other local governmental units responsible for costs incurred before the prisoner was formally arraigned but after he was taken into custody. The requirement established by the statutory language "charged with an offense" is satisfied if formal charges are subsequently brought. See OAG 1947-1948, No 793, p 722 (June 30, 1948).

Affirmed.