AYAR v FOODLAND DISTRIBUTORS

Docket No. 246349. Submitted April 13, 2004, at Detroit. Decided July 20, 2004, at 9:00 A.M.

Raad Ayar, Vincent, Inc., Joliet, Inc., and R & D Wholesale, Inc., brought an action in the Wayne Circuit Court alleging contract and tort claims against Foodland Distributors, Kroger Company, and Livonia Holding Company, Inc. The court, Robert J. Colombo, Jr., J., entered an order awarding costs and mediation sanctions in favor of Ayar and Vincent and allocating the costs and sanctions between Kroger, Foodland, and Livonia with respect to a claim of intentional fraud. The court subsequently entered an order awarding prejudgment interest on the costs and mediation sanctions from the filing date of the original complaint. MCL 600.6013. Kroger appealed by delayed leave granted.

The Court of Appeals *held*:

MCL 600.6013(8) authorizes prejudgment interest calculated on the entire amount of a money judgment, including attorney fees and other costs. As used in the statute, "complaint" refers to the formal complaint against a defendant on whom statutory interest is being taxed. In this case, although the allegations in the complaint formed the basis for mediation, the attorney fees and costs arose from mediation sanctions and not as an element of damages awarded to plaintiffs for their contract and tort claims. Thus, the award of costs and sanctions did not exist at the time the complaint was filed. Pursuant to MCR 2.403(O), a judicial determination is required for an order awarding sanctions. It is illogical to conclude that the Legislature would have intended for a claim for interest on mediation sanctions to exist before the judicial determination that awards the sanctions. Therefore, the circuit court erred when it allowed accrual of statutory interest on the mediation sanctions from the date of the filing of the original complaint rather than the date the costs and mediation sanctions were awarded.

Reversed and remanded for entry of an amended judgment.

INTEREST — MONEY JUDGMENTS — MEDIATION SANCTIONS — COSTS AND ATTORNEY FEES.

Prejudgment interest on an award of attorney fees and costs as mediation sanctions accrues from the date sanctions are awarded (MCL 600.6013).

*Morganroth & Morganroth, PLLC* (by *Mayer Morganroth* and *Jeffrey B. Morganroth*), for the plaintiffs.

*Miller, Canfield, Paddock and Stone, P.L.C.* (by *Carl H. von Ende, Larry J. Saylor,* and *Todd A. Holleman*), for Kroger Company.

Before: GAGE, P.J., and METER and FORT HOOD, JJ.

PER CURIAM. Defendant Kroger Company (Kroger) appeals by delayed leave granted the trial court's November 14, 2002, postjudgment order awarding plaintiffs, Raad Ayar (Ayar) and Vincent, Inc. (Vincent), statutory interest pursuant to MCL 600.6013 on an earlier June 24, 2002, order awarding costs and mediation sanctions.[1] We reverse.

I. FACTS AND PROCEEDINGS

Plaintiffs, Ayar, Vincent, Joliet, Inc., and R & D Wholesale, Inc., filed a complaint alleging various contract and tort claims against Kroger and Foodland Distributors (Foodland) on October 7, 1993. Livonia Holding Company, Inc. (Livonia), was later added as a defendant by stipulation. The trial court's April 27, 1998, judgment followed a jury trial and found Kroger individually liable in the amount of $20,481,434 with regard to Ayar's contract (right-of-first-refusal) claim and Kroger and Foodland jointly and severally liable in the amount of $9,441,801 on Ayar and Vincent's intentional (silent) fraud claims. On August 20, 1998, the trial court entered a second judgment, which found

---

[1] MCR 2.403 was amended in 2000 to substitute the phrase "case evaluation" for "mediation." We will use the term "mediation" because the mediation in this case took place in 1995. In general, this Court applies the version of MCR 2.403 in effect at the time of mediation. *Haliw v Sterling Hts,* 257 Mich App 689, 695; 669 NW2d 563 (2003).

Livonia jointly and severally liable on the intentional fraud claim in its capacity as a partner of Foodland.

Kroger, Foodland, and Livonia appealed the judgment, and this Court reversed and remanded for a bench trial with regard to Foodland's liability to Vincent on the intentional fraud claim only. See *Ayar v Foodland Distributors,* unpublished opinion per curiam of the Court of Appeals, issued November 21, 2000 (Docket No. 214293). Following a bench trial, the trial court entered a judgment on June 21, 2002, that reduced the joint and several liability of Kroger, Foodland, and Livonia to $674,680.26 with respect to the fraud claim. Without explanation, the trial court also held Kroger individually liable to Vincent (as well as Ayar) for an additional $6,200,149.74 on the same fraud claim.

On June 24, 2002, the trial court entered an order awarding costs and mediation sanctions to Ayar and Vincent in the "total amount of $555,275.00 plus statutory interest, if any, to be assessed," of which $381,752 was allocated to Kroger and $173,523 was allocated to Foodland and Livonia. On November 14, 2002, the trial court entered an order stating that prejudgment interest on costs and mediation sanctions pursuant to MCL 600.6013 would accrue from the date the complaint was filed (October 7, 1993).

## II. STANDARD OF REVIEW

Statutory interpretation presents a question of law that an appellate court reviews de novo. *Morales v Auto-Owners Ins Co,* 469 Mich 487, 490; 672 NW2d 849 (2003). The cardinal rule of statutory construction is to give effect to legislative intent. *Id.* "If the Legislature's intent is clearly expressed, no further construction is permitted." *Id.* If the statutory language is clear and

unambiguous, we assume that the Legislature intended its plain meaning, and we enforce the statute as written. *Roberts v Mecosta Co Gen Hosp,* 466 Mich 57, 63; 642 NW2d 663 (2002).

### III. ANALYSIS

Kroger argues that statutory interest pursuant to MCL 600.6013 should accrue from the date the trial court awards costs and mediation sanctions, not the date the original complaint was filed. MCL 600.6013 was amended in both 2001 and 2002, and these amendments were effective in March 2002. The most recent amendment enacted, as part of 2002 PA 77, effective March 21, 2002, applies to this case. MCL 600.6013 provides, in pertinent part:

> (1) Interest is allowed on a money judgment recovered in a civil action, as provided in this section. However, for complaints filed on or after October 1, 1986, interest is not allowed on future damages from the date of filing the complaint to the date of entry of the judgment. As used in this subsection, "future damages" means that term as defined in section 6301.

> \* \* \*

> (8) Except as otherwise provided in subsections (5) and (7) and subject to subsection (13), for complaints filed on or after January 1, 1987, interest on a money judgment recovered in a civil action is calculated at 6-month intervals from the date of filing the complaint at a rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually, according to this section. *Interest under this subsection is calculated on the entire amount of the money judgment, including attorney fees and other costs.* The amount of interest attributable to that part of the money judgment from which

attorney fees are paid is retained by the plaintiff, and not paid to the plaintiff's attorney. [Emphasis added.]

The purpose of prejudgment interest is "to compensate the prevailing party for expenses incurred in bringing actions for money damages and for any delay in receiving such damages." *Phinney v Perlmutter,* 222 Mich App 513, 540-541; 564 NW2d 532 (1997). As used in the statute, the term "complaint" refers to the formal complaint against the defendant on whom statutory interest is being taxed. *Rittenhouse v Erhart,* 424 Mich 166, 217; 380 NW2d 440 (1985) (RILEY, J.),[2] *Phinney, supra,* 222 Mich App 541-542. The statute's inclusion of "attorney fees and other costs" forms the basis for the parties' dispute on appeal. Plaintiffs were not awarded attorney fees and costs as an element of the damages claimed by plaintiffs for the contract and tort claims. Rather, the attorney fees and costs awarded in the instant case arose from the mediation proceedings that occurred after the complaint was filed.

The provision for attorney fees and costs was added to MCL 600.6013 by 1993 PA 78. Before the 1993 amendment, there was no specific provision indicating that interest could be calculated on an award of attorney fees and costs. *Schellenberg v Rochester, Michigan, Lodge No 2225 of the Benevolent & Protective Order of Elks,* 228 Mich App 20, 50; 577 NW2d 163 (1998). But there was authority for the proposition that interest could be imposed under MCL 600.6013 on attorney fees and costs awarded as part of mediation sanctions. *Wayne-Oakland Bank v Brown Valley Farms, Inc,* 170 Mich App 16, 22; 428 NW2d 13 (1988); and *Pinto v Buckeye Union Ins Co,* 193 Mich App 304, 312; 484

---

[2] Justices RYAN, LEVIN, and BOYLE concurred with Justice RILEY's opinion regarding the prejudgment interest issue, making it a majority opinion. *Id.* at 219-220.

NW2d 9 (1992), in which the Court agreed with the decision in *Wayne-Oakland Bank* that interest may be awarded on mediation sanctions.

The 1993 amendment of MCL 600.6013 confirms that interest may be imposed on attorney fees and costs. The pertinent language in the 1993 amendment has been carried forward into the most recent amendment, and it evidences an intent to impose interest on attorney fees and costs. It confirms that interest accrues from the date of the complaint and is to be calculated on the entire amount of the money judgment, including attorney fees and other costs. *Morales, supra* at 491-492; 2002 PA 77; 1993 PA 78. Kroger does not argue otherwise on appeal, but challenges the use of the date the complaint was filed as the starting date for interest accrual because there is no basis for an award of mediation sanctions on the date a complaint is filed.

In *Morales, supra* at 489, the Supreme Court considered the defendant's argument that prejudgment interest should not accrue during a four-year period while the case was on appeal because the delay was not the defendant's fault. The Court stated that MCL 600.6013(8) "confirms that interest accrues 'from the date of filing the complaint' and that it 'is calculated on the entire amount of the money judgment, including attorney fees and other costs.'" *Morales, supra* at 491. The language of MCL 600.6013(8) clearly and "unambiguously states that prejudgment interest is to be calculated from the date the complaint is filed" and "makes no exceptions for periods of prejudgment appellate delay." *Morales, supra* at 489, 492. "In the face of the Legislature's clearly expressed intent, this Court will not read such an exception into the statute." *Id.* at 492. Because the issue in *Morales* concerned interest accrued during appellate delay, and the instant case

involves interest calculated before mediation sanctions were awarded, *Morales* is distinguishable.

This Court has recognized several exceptions to awarding interest from the date of filing the complaint under MCL 600.6013. See generally *Phinney, supra* at 541. A majority of the Michigan Supreme Court concurred with Justice RILEY's opinion in *Rittenhouse, supra* at 218, that the purposes of MCL 600.6013 are not furthered by allowing interest for periods during which "no claim existed against the defendant." *Phinney, supra* at 541. In *Wayne-Oakland Bank, supra* at 22-23, this Court upheld the trial court's award of interest on costs and attorney fees from the date of entry of the order that dismissed the complaint, instead of the date of filing the complaint.

In *Pinto, supra* at 312, this Court relied on *Wayne-Oakland Bank, supra* at 22-23, and held that prejudgment interest may be awarded on fees assessed pursuant to mediation sanctions. The Court held that "the trial court did not err in awarding interest on the award of costs and fees from the date of the entry of the order that awarded the costs and fees until the date of satisfaction." *Pinto, supra* at 312. Neither *Pinto* nor *Wayne-Oakland Bank* controls the instant case because they were issued before April 1, 1994, the effective date of 1993 PA 78, which amended MCL 600.6013 to expressly provide that the fluctuating interest rate must be calculated from the filing date of the complaint *on the entire judgment, including amounts of costs and attorney fees. Schellenberg, supra* at 50-52. Both cases are, however, instructive.

In *Univ Emergency Services, PC v Detroit,* 141 Mich App 512; 367 NW2d 344 (1984), the issues involved claims against Wayne County for the costs incurred in providing emergency medical services to county prison-

ers. Wayne County claimed that it should not be required to pay statutory interest on the entire award of damages because some claims accrued after the complaint was filed. *Id.* at 521. The plaintiff conceded that it was not making claims for interest from the filing date of the complaint. *Id.* This Court determined that interest should only be awarded from the date that Wayne County delayed payment, but it is unclear how the plaintiff's concession affected this Court's decision to remand to the trial court for an amended award on the ground that interest could not be awarded for claims arising after the date of the complaint. *Id.*

In *McKelvie v Auto Club Ins Ass'n,* 203 Mich App 331; 512 NW2d 74 (1994), this Court considered claims against an insurer under the no-fault act, MCL 500.3101 *et seq.* Because the claim was not added to the formal complaint until more than two years after the complaint was filed, this Court found that the trial court did not err in awarding interest from the date of the delay. *McKelvie, supra* at 338-339. The Court explained its rationale in rejecting the argument for awarding interest from the date of filing the complaint as follows:

> Such an award exceeds the purpose of compensating for a delayed payment, overcompensates for the related litigation, and departs from the purpose of providing an incentive for prompt settlement by both imposing a penalty upon the defendant and conferring a favor upon the plaintiff. Such a result was not permitted at common law, and we are not persuaded that the Legislature intended such a result under § 6013. [*McKelvie, supra* at 339.]

This Court applied the *McKelvie* rationale in *Beach v State Farm Mut Auto Ins Co,* 216 Mich App 612, 624-625; 550 NW2d 580 (1996), in which an insured was awarded prejudgment interest from claims arising after

the complaint was filed. This Court upheld the trial court's award of interest from the date the insurer refused to pay benefits, i.e. the date the delay began. *Id.* at 624-625. In *Arco Industries Corp v American Motorists Ins Co (On Second Remand),* 232 Mich App 146; 594 NW2d 61 (1998), this Court applied *McKelvie* and *Beach* to an insurer's delay in paying benefits. The Court held that it was error to award prejudgment interest from the date of filing the complaint for claims that arose after the complaint was filed. *Id.* at 172. Instead, the Court used the date the insurer refused to pay, which began the period of delay for the insured to receive the benefit. *Id.* at 172.

Although the allegations in the formal complaint filed in 1993 formed the basis for mediation, the mediation sanctions award did not exist when the formal complaint was filed. "That the Legislature intended plaintiffs to be compensated for periods during which no disputed claim even existed against the judgment debtor strains credulity." *Rittenhouse, supra* at 218 (RILEY, J.). Hence, at the earliest, the date of filing or service of the request for costs under MCR 2.403(O)(8) would be the proper date for accruing statutory interest. But actual costs that may be awarded under the mediation rule include (1) taxable costs and (2) a reasonable attorney fee determined by the trial judge for services necessitated by the rejection. MCR 2.403(O)(6). Because a judicial determination is required, we conclude that a claim for interest on mediation sanctions does not arise until the trial judge enters its order awarding sanctions.

The trial court's award authorizes interest for a period during which there was no fund in existence upon which to calculate interest. We are not persuaded that the Legislature intended such an illogical result

under MCL 600.6013. *McKelvie, supra* at 339. Accordingly, the trial court erred in providing that statutory interest pursuant to MCL 600.6013 on the mediation award accrues from the date the original complaint was filed, October 7, 1993. Statutory interest on the mediation award should instead accrue from the date costs and mediation sanctions were awarded, June 24, 2002.

### IV. CONCLUSION

We reverse the November 14, 2002, order providing that statutory interest on the award of costs and mediation sanctions accrues from the date the original complaint was filed. We remand for entry of an amended judgment that provides for accrued statutory interest from the date costs and mediation sanctions were awarded, June 24, 2002. Kroger is awarded taxable costs pursuant to MCR 7.219(A) as the prevailing party in this appeal. We do not retain jurisdiction.