**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED DECEMBER 30, 2003**

ALICE JO MORALES, as Guardian and
Conservator for ANTONIO MORALES, a
legally incapacitated person,
also known as ANTHONY MORALES,

    Plaintiff-Appellant,

and

JAMES W. BOYD, Chapter 7 Bankruptcy
Trustee,

    Intervening Plaintiff-Appellant,

v                                   No. 122601

AUTO-OWNERS INSURANCE COMPANY,

    Defendant-Appellee.

_____

PER CURIAM

### AFTER REMAND

    At issue in this case is whether prejudgment interest
awarded under MCL 600.6013 accrues during appellate

proceedings. On the authority of *Dedes v Asch*,[1] the Court of Appeals held that it does not.[2] We disagree because the language of MCL 600.6013 unambiguously states that prejudgment interest is to be calculated from the date the complaint is filed. It contains no exception for periods of appellate delay. Accordingly, we overrule the 1998 Court of Appeals decision in *Dedes*. We also reverse in part the judgment of the Court of Appeals in this case and remand it to the trial court for recalculation of the prejudgment interest.

## I. Background

Antonio Morales was left substantially disabled after an automobile accident in 1991. He had purchased no-fault insurance coverage from defendant Auto-Owners Insurance Company, but the company denied his claim on the ground that the policy had expired six days before the accident. Mr. Morales's conservator, plaintiff Alice Jo Morales, filed suit against defendant. The trial court granted defendant's motion for summary disposition, and the Court of Appeals affirmed. This Court granted leave to appeal, reversed, and remanded the case for trial. 458 Mich 288; 582 NW2d 776 (1998).

---

[1] 233 Mich App 329, 340; 590 NW2d 605 (1998).

[2] Unpublished opinion per curiam, issued October 4, 2002 (Docket No. 233826).

2

Thus, after about four years of appellate proceedings, this case was remanded to the Missaukee Circuit Court for trial. The jury returned a verdict for Ms. Morales, and the trial court awarded prejudgment interest to her under MCL 600.6013. Defendant argued that prejudgment interest should not accrue during the four-year period while the case was on appeal, because that delay was not its fault. The trial court rejected this argument and awarded full interest on the judgment.

The Court of Appeals reversed. Relying on *Dedes*, it held that "[p]rejudgment interest does not continue to accrue during the appellate process." It remanded the case to the trial court for a recalculation of prejudgment interest. Ms. Morales now seeks leave to appeal to this Court.[3]

## II. Standard of Review

Statutory interpretation is a question of law that this Court reviews de novo. *Adams Outdoor Advertising, Inc v City of Holland*, 463 Mich 675, 681; 625 NW2d 377 (2001). The cardinal principle of statutory construction is that courts must give effect to legislative intent. *Dressel v*

---

[3]On August 1, 2003, we granted two motions for leave to file briefs amicus curiae and granted the motion to intervene filed by James W. Boyd, a Chapter 7 Bankruptcy Trustee. We now grant Taco Bell Corporation's and the Michigan Defense Trial Counsel's motions for leave to file briefs amicus curiae.

*Ameribank*, 468 Mich 557, 562; 664 NW2d 151 (2003). If the Legislature's intent is clearly expressed, no further construction is permitted. *Helder v Sruba*, 462 Mich 92, 99; 611 NW2d 309 (2000). Under such circumstances, a court is prohibited from imposing a "contrary judicial gloss" on the statute. *In re Certified Question (Kenneth Henes Special Projects Procurement v Continental Biomass Industries, Inc)*, 468 Mich 109, 119; 659 NW2d 597 (2003).

### III. Analysis

MCL 600.6013[4] states:

> (1) Interest is allowed on a money judgment recovered in a civil action . . . .
>
> * * *
>
> (6) For a complaint filed on or after January 1, 1987, but before July 1, 2002, if the civil action has not resulted in a final, nonappealable judgment as of July 1, 2002, and if a judgment is or has been rendered on a written instrument that does not evidence indebtedness with a specified interest rate, interest is calculated as provided in subsection (8).

Subsection 8 confirms that interest accrues "from the date of filing the complaint" and that it "is calculated on the entire amount of the money judgment, including attorney fees and other costs." MCL 600.6013(8).

---

[4]This statute was amended after the trial court calculated the award of prejudgment interest. The most recent amendments apply to this case.

4

In *Dedes*, the Court of Appeals held that prejudgment interest awarded under MCL 600.6013 may be disallowed for periods of delay that are neither the fault of, nor caused by, the judgment debtor. 233 Mich App 340. The *Dedes* Court concluded that prejudgment appellate proceedings fell within this category, and it reversed the trial court's grant of prejudgment interest for the period that the case was on appeal. It explained:

> To allow interest to continue to accrue during an appellate process would hinder parties from asserting new and innovative arguments in the trial court for fear that interest will continue to accrue on a claim that may be reversed during the appeal process. *Id*.

Relying on *Dedes*, the Court of Appeals held here that defendant was not responsible for prejudgment interest during the four years that this case was on appeal.

The *Dedes* decision is wholly inconsistent with MCL 600.6013, which states that prejudgment interest is calculated "from the date of filing the complaint . . . ." MCL 600.6013(8). The statute makes no exception for periods of prejudgment appellate delay. In the face of the Legislature's clearly expressed intent, this Court will not read such an exception into the statute. *Dressel*, 468 Mich 562; *In re Certified Question (Henes v Continental Biomass,* 468 Mich 119. Under MCL 600.6013, Ms. Morales is entitled

5

to an award of prejudgment interest that includes the four-year period during which this case was on appeal.[5]

## IV. Conclusion

Accordingly, we overrule the 1998 Court of Appeals decision in *Dedes v Asch*. We reverse part II of the judgment of the Court of Appeals concerning prejudgment interest in this case and remand the case to the circuit court for recalculation of the prejudgment interest. MCR 7.302(G)(1). We otherwise deny plaintiff's application for leave to appeal and defendant's application to cross-appeal because we are not persuaded that this Court should review the other questions presented.

Maura D. Corrigan
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

---

[5]As a general rule, prejudgment interest runs from the date the complaint is filed. Here, the judgment includes an award of no-fault benefits that were not incurred until *after* the complaint was filed. In the trial court, Ms. Morales agreed that prejudgment interest on those benefits would run from the first date that the benefits were unpaid, not from when the complaint was filed. We do not intend our holding in this case to disturb the parties' stipulation.

6