**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

**FILED JANUARY 26, 2005**

JACK BURTON, Personal
Representative of the Estate
of Dale Burton,

    Plaintiff-Appellee,

v

No. 124928

REED CITY HOSPITAL CORPORATION,
DR. CHRISTOPHER J. JOHNSON, and
DR. JAMES JOHNSON

    Defendants-Appellants.

_____

**PER CURIAM**

This case presents the question whether a complaint alleging medical malpractice that is filed before the expiration of the notice period provided by MCL 600.2912b tolls the period of limitations. The Court of Appeals held that a prematurely filed complaint invokes the tolling provisions of MCL 600.5856(a). We disagree. MCL 600.2912b(1) unambiguously states that a person "shall not" commence an action alleging medical malpractice until the expiration of the statutory notice period. A complaint filed before the expiration of the notice period violates

MCL 600.2912b and is ineffective to toll the limitations period.  We reverse the judgment of the Court of Appeals and reinstate the Osceola Circuit Court's grant of summary disposition for the defendants.

## I.  FACTS AND PROCEDURAL HISTORY

On January 17, 1998, plaintiff[1] went to the emergency room of defendant Reed City Hospital complaining of abdominal pain, nausea, and vomiting.  Tests revealed the presence of an ulcer.  Plaintiff was hospitalized and treated with medications until January 23, 1998.  On January 26, 1998, the individually named defendants performed stomach and gall bladder surgery on plaintiff.

On February 10, 2000, plaintiff filed a medical malpractice complaint, alleging that his common bile duct and pancreatic duct were negligently transected during the surgery and that corrective surgery had to be performed in November 1998.  Plaintiff alleges that he suffered residual, permanent damage as a result of the individual defendants' negligence.

---

[1] Plaintiff, Dale Burton, died following the proceedings in the trial court.  The personal representative of his estate, Jack Burton, was substituted as plaintiff.  For ease of reference, the term "plaintiff" refers to the decedent.

2

The alleged malpractice occurred on January 26, 1998. The period of limitations for a medical malpractice action is two years. MCL 600.5805(6). Absent tolling, the statutory period of limitations would therefore have expired on January 26, 2000.

Plaintiff's counsel sent defendants a notice of intent to file a claim on October 18, 1999. Under MCL 600.5856(d), if the period of limitations would expire during the notice period, the period of limitations is tolled for 182 days and then resumes running after the 182-day period. In this case, the limitations period was tolled until April 17, 2000, and then resumed running, expiring on July 26, 2000.

Plaintiff filed a complaint and an affidavit of merit under MCL 600.2912d on February 10, 2000, 115 days after he provided his notice of intent. After receiving from plaintiff's counsel two extensions of time in which to answer, defendants filed an answer to the complaint on May 8, 2000. Defendants' affirmative defenses included the following:

> 5.   That plaintiff's claim is barred by the applicable Statute of Limitations.

* * *

> 12.   That plaintiff has failed to comply with the provisions of MCLA 600.2912b and MCLA

3

600.2912d, *et seq*[.], and plaintiff's complaint must, therefore, be dismissed.

A pretrial status conference was held on June 29, 2000. The summary of that conference provides that "Counsel stated that the status of the pleadings is satisfactory, pending discovery."

On August 24, 2000, defendants moved for summary disposition pursuant to MCR 2.116(C)(8) or (C)(10), alleging that plaintiff failed to comply with the notice provisions of MCL 600.2912 *et seq.*[2] Defendants' motion pointed out that plaintiff's complaint was filed only 115 days after the date the notice of intent was sent. Defendants' motion alleged that the prematurely filed complaint did not toll the limitations period, which expired on July 26, 2000.

Plaintiff acknowledged that the complaint was filed before the expiration of the notice period, but argued that the filing of the complaint nevertheless tolled the period of limitations, such that the proper remedy was dismissal without prejudice. Plaintiff also asserted that defense counsel had engaged in misconduct by expressing

---

[2] Defendants also challenged the sufficiency of the affidavit of merit filed with the complaint. The trial court held that the affidavit met the statutory requirements. Defendants have not appealed that ruling.

satisfaction with the state of the pleadings at the pretrial conference and by waiting until after the limitations period had run to bring the motion for summary disposition. Plaintiff argued that defense counsel's misconduct resulted in a waiver, or that defendants were estopped from challenging the premature filing of the complaint.

The trial court initially denied the motion for summary disposition. Although the trial court rejected the plaintiff's argument that defendants' expression of satisfaction with the state of the pleadings at the pretrial conference waived the premature filing defense, it held that defendants' failure to bring their motion for summary disposition before the expiration of the limitations period resulted in a waiver. The court therefore denied defendants' motion for summary disposition.

Defendants filed a motion for reconsideration. On reconsideration, the trial court reversed its prior decision and granted summary disposition to defendants. The trial court concluded that the affirmative defenses were sufficiently pleaded to place plaintiff on notice of a problem before the expiration of the limitations period.

5

Plaintiff appealed the trial court's order to the Court of Appeals, which reversed in a published opinion. 259 Mich App 74; 673 NW2d 135 (2003). While acknowledging that dismissal is an appropriate remedy for noncompliance with the provisions of MCL 600.2912b and that when a case is dismissed the plaintiff must still comply with the applicable statute of limitations, the Court of Appeals nevertheless concluded that MCL 600.5856(a) operated to toll the period of limitations. *Burton*, *supra* at 85.

The Court of Appeals distinguished the present case from *Scarsella v Pollak*, 461 Mich 547; 607 NW2d 711 (2000), in which the plaintiff filed the complaint without also filing the affidavit of merit. The Court of Appeals determined that because the affidavit of merit was filed with the complaint in this case, the filing tolled the period of limitations. *Burton*, *supra* at 85–86. Finally, the Court of Appeals concluded that tolling is permissible where a complaint is filed prematurely because it does not result in unfair prejudice to the defendant. *Id*. at 87–89. It thus reversed the trial court's order granting defendants' motion for summary disposition.

Defendants filed an application for leave to appeal to this Court.

## II. STANDARD OF REVIEW

We review the trial court's grant of summary disposition de novo. *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 62; 642 NW2d 663 (2002) (*Roberts I*). This case involves questions of statutory interpretation, which are also reviewed de novo. *Id*. The cardinal principle of statutory construction is that courts must give effect to legislative intent. *Morales v Auto-Owners Ins Co (After Remand)*, 469 Mich 487, 490; 672 NW2d 849 (2003). When reviewing a statute, courts necessarily must first examine the text of the statute. *Dressel v Ameribank,* 468 Mich 557, 562; 664 NW2d 151 (2003). If the Legislature's intent is clearly expressed by the language of the statute, no further construction is permitted. *Helder v Sruba*, 462 Mich 92, 99; 611 NW2d 309 (2000).

## III. ANALYSIS

### A. RELEVANT STATUTES

MCL 600.2912b(1) precludes a medical malpractice claimant from commencing suit against a health professional or health facility unless written notice is provided to that professional or facility before the action is commenced. Section 2912b(1) provides:

> Except as otherwise provided in this section, a person *shall not commence* an action alleging medical malpractice against a health

7

professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced. [Emphasis supplied.]

After providing the written notice, the claimant is required to wait for the applicable notice period to pass before filing suit. The claimant generally must wait 182 days after providing the notice of intent before commencing an action alleging medical malpractice. MCL 600.2912b(1). A claimant may file an action after 154 days if no response to the notice is received as contemplated by MCL 600.2912b(7).

MCL 600.5856(d) provides that the two-year period of limitations for medical malpractice actions is tolled during the notice period if notice is given in compliance with MCL 600.2912b. Defendants do not dispute that the notice given in this case tolled the period of limitations during the statutory notice period, so that the limitations period was extended through July 26, 2000.

The Court of Appeals concluded that the period of limitations was further tolled by plaintiff's prematurely filed complaint. It relied on MCL 600.5856(a), which states that the period of limitations is also tolled "[a]t the time the complaint is filed and a copy of the summons and complaint are served on the defendant."

8

## B. PLAINTIFF'S PREMATURELY FILED
## COMPLAINT DID NOT TOLL THE PERIOD OF LIMITATIONS

Section 2912b(1) unequivocally provides that a person "shall not" commence an action alleging medical malpractice against a health professional or health facility until the expiration of the statutory notice period. This Court has previously construed other such imperative language in the statutes governing medical malpractice actions. For example, in *Scarsella*, we held that a complaint alleging medical malpractice that is not accompanied by the statutorily required affidavit of merit is not effective to toll the limitations period because the Legislature clearly intended that an affidavit of merit "shall" be filed with the complaint. *Id*. at 549 (citing MCL 600.2912d[1]). In adopting the Court of Appeals opinion in *Scarsella*, we noted that the Legislature's use of the word "shall" indicates a mandatory and imperative directive (citing *Oakland Co v Michigan*, 456 Mich 144, 154; 566 NW2d 616 [1997]). *Scarsella*, *supra* at 549. We concluded that the filing of a complaint without the required affidavit of merit was insufficient to commence the lawsuit. *Id*.

In *Omelenchuk v City of Warren*, 461 Mich 567; 609 NW2d 177 (2000), a case involving tolling during the notice period, we held that a plaintiff cannot file suit without

first giving the notice required by MCL 600.2912b. *Omelenchuk*, *supra* at 572. We further held that the limitations period cannot be tolled unless a plaintiff complies with the provisions of MCL 600.2912b. *Omelenchuk*, *supra* at 576.

In *Roberts I*,[3] another case involving tolling during the notice period, we again emphasized that a plaintiff's compliance with MCL 600.2912b is mandatory before tolling under MCL 600.5856(d) may occur. *Roberts I, supra* at 65, 67. We also held that MCL 600.2912b clearly places the burden of complying with the notice of intent requirements on the plaintiff and that this clear, unambiguous statute requires full compliance with its provisions as written. *Roberts I, supra* at 66.

In the instant case, the Court of Appeals correctly determined that dismissal is an appropriate remedy for noncompliance with the notice provisions of MCL 600.2912b and that when a case is dismissed, the plaintiff must still comply with the applicable statute of limitations. See *Gregory v Heritage Hosp*, 460 Mich 26, 47-48; 594 NW2d 455 (1999); *Scarsella, supra* at 552. The Court of Appeals

---

[3] The case was remanded for consideration of other issues. *Roberts v Mecosta Co Gen Hosp (On Remand)*, 252 Mich App 664; 653 NW2d 441 (2002); *(After Remand)* 470 Mich 679; 684 NW2d 711(2004).

erred, however, by basing its decision to reverse the decision of the trial court on the alleged lack of prejudice to the defendants, a factor that is not contained in the relevant statutes.

The directive in § 2912b(1) that a person "shall not" commence a medical malpractice action until the expiration of the notice period is similar to the directive in § 2912d(1) that a plaintiff's attorney "shall file with the complaint an affidavit of merit . . . ." Each statute sets forth a prerequisite condition to the commencement of a medical malpractice lawsuit. The filing of a complaint before the expiration of the statutorily mandated notice period is no more effective to commence a lawsuit than the filing of a complaint without the required affidavit of merit. In each instance, the failure to comply with the statutory requirement renders the complaint insufficient to commence the action.

The fact that defendants did not bring their motion for summary disposition until the period of limitations had run does not constitute a waiver of the defense.[4]  MCL

---

[4] The assertion by the dissent that defendants implicitly waived their statute of limitations defense is not supported by the evidence. We agree that a waiver sometimes "'may be shown by a course of acts and conduct, and in some cases will be implied therefrom.'" *Klas v Pearce Hardware & Furniture Co*, 202 Mich 334, 339; 168 NW

11

600.2912b places the burden of complying with the notice provisions on the plaintiff. *Roberts I, supra* at 66. As we explained in *Roberts I*, the purpose of a tolling provision is to protect a plaintiff from a statute of limitations defense. Here, defendants specifically raised the statute of limitations and plaintiff's compliance with MCL 600.2912b in their answer and affirmative defenses.[5] Such a direct assertion of these defenses by defendants can

---

425 (1918) (citation omitted). However, neither of the acts cited by the dissent implies an "intentional abandonment" of defendants' right to assert a statute of limitations defense. See *Roberts I, supra* at 64 n 4.

First, the request for additional time to answer plaintiff's prematurely filed complaint was not, in fact, "inconsistent with" their statute of limitations defense. Defendants did not, as a result of the extension granted them, file their answer after the limitations period had expired. Had they done so, the dissent's theory would be more compelling. Rather, defendants filed their answer more than two months before the expiration of the limitations period. In addition, defendants' express incorporation of such a defense in their answer makes clear that they were not intentionally abandoning that defense when they sought the extension.

Second, defendants' expression during a pretrial conference that "the status of the pleadings is satisfactory" was also not "inconsistent with" their statute of limitations defense. This statement was offered only after defendants had filed their answer, which included the statute of limitations defense. There is nothing in the record to support an implication that defendants were willing to waive this defense on the basis of their "satisfaction" with the status of the pleadings.

[5] As noted earlier, the answer and affirmative defenses were filed on May 8, 2000, more than two months before the period of limitations expired.

by no means be considered a waiver. *Roberts I, supra* at 68-70. To the contrary, it was a clear affirmation and invocation of such defenses. Defendants' pleadings were more than sufficient to comply with the requirements of MCR 2.116(D)(2) (requiring the statute of limitations to be raised in the first responsive pleading or in a motion filed before the responsive pleading).

The dissent contends that defendants' failure to comply with the pleading requirements of MCL 600.2912e(1) and MCR 2.108(A)(1) acts as a forfeiture of the statute of limitations defense. In *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 69; 642 NW2d 663 (2002), we stated that "a forfeiture necessarily requires that there be a specific point at which the right must be asserted or be considered forfeited." *Id*. (emphasis omitted). In this case, that specific point must have either occurred at defendants' first responsive pleading or at a motion filed before that pleading. MCR 2.116(D)(2). Here, defendants asserted the statute of limitations argument in their May 8, 2000, answer to plaintiff's complaint.

The dissent concludes, however, that defendants' failure to either answer or provide an affidavit of meritorious defense within the statutory time frame requires forfeiture. While the medical malpractice statute

13

is silent on the remedy for a violation of the pleading requirements, generally, the remedy against a party who "fail[s] to plead or otherwise defend" in an action is default. MCR 2.603(A)(1). But this remedy was unavailable to plaintiff, because he afforded defendants two extensions of time in which to answer and also agreed to extend the time for service of the affidavit of meritorious defense through May 28, 2000. In sum, a party that stipulates an extension of the time permitted for a filing may not be heard to complain that the filing, when submitted within that extended period, is untimely.

## IV. CONCLUSION

Plaintiff did not fulfill his obligation under § 2912b. Accordingly, the limitations period was not tolled by the prematurely filed complaint. We therefore reverse the judgment of the Court of Appeals and reinstate the judgment of the trial court granting summary disposition to defendants.

Clifford W. Taylor
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

**S T A T E   O F   M I C H I G A N**

**SUPREME COURT**

JACK BURTON, personal
representative of the estate
of Dale Burton,

    Plaintiff-Appellee,

v                                                              No. 124928

REED CITY HOSPITAL CORPORATION,
DR. CHIRSTOPHER J. JOHNSON, and
DR. JAMES JOHNSON,

    Defendants-Appellants.

_____

KELLY, J. (*dissenting*).

I would affirm the decision of the Court of Appeals. Defendants negotiated with plaintiff for extensions of the time in which to file their answer. They failed to obtain approval of any extension from the trial court. Moreover, they failed to file their affidavit of meritorious defense in conformance with the mandatory requirements for medical malpractice actions.

I would hold that a party who requests a late answer and expresses no objection to the pleadings cannot challenge an early complaint. Defendants implicitly waived their statute of limitations defense predicated on the timing of plaintiff's complaint.

Moreover, under the Court's interpretation of the statutes governing medical malpractice actions, defendants' failure to conform to the mandatory pleading requirements should have rendered their answer a nullity. Accordingly, the statute of limitations defense should be deemed forfeited.

Plaintiff's complaint, which was filed before the end of the statutory waiting period for medical malpractice claims, was timely in all other respects. I agree with the Court of Appeals that the trial court's dismissal with prejudice was an unjust remedy in light of defendants' conduct.

## I. STANDARD OF REVIEW

When presented with a motion for summary disposition under MCR 2.116(C)(7), the court considers the pleadings, affidavits, and other documentary evidence. MCR 2.116(G). In this case, the facts needed to review defendants' motion for summary disposition are not in dispute.

This case involves an issue of statutory construction. We review it de novo. *Cardinal Mooney High School v Michigan High School Athletic Ass'n*, 437 Mich 75, 80; 467 NW2d 21 (1991). The primary goal of statutory interpretation is to give effect to the intent of the Legislature. *In re MCI Telecom Complaint*, 460 Mich 396,

2

411; 596 NW2d 164 (1999). The provisions of a statute must be read in the context of the entire statute in the interest of producing an harmonious whole. *Macomb Co Prosecutor v Murphy*, 464 Mich 149, 159; 627 NW2d 247 (2001).

## II. BACKGROUND

On January 25, 1998, the defendant doctors at the defendant hospital performed exploratory surgery on plaintiff.[1] Plaintiff has alleged that, during the surgery, they committed malpractice by negligently cutting his common bile and pancreatic ducts.

In order to file a complaint for this malpractice, a Michigan statute required plaintiff to serve defendants with a notice of intent to sue. MCL 600.2912b. Plaintiff served this notice on October 18, 1999, well within the two-year statutory period of limitations for medical malpractice actions.[2] MCL 600.5805(6). Defendants did not respond. Plaintiff's counsel filed the complaint and affidavit of merit on February 10, 2000. Plaintiff's

---

[1] Plaintiff, Dale Burton, died following the proceedings in the trial court. The personal representative of his estate, Jack Burton, was substituted as plaintiff. For ease of reference, the term "plaintiff" refers to the decedent.

[2] This tolled the running of the limitations period. MCL 600.5856(d).

counsel asserted that 154 days had elapsed since he filed the notice and that, since defendants had not responded, he believed that he was entitled to file the complaint early. MCL 600.2912b(8). In fact, defendants' failure to respond did not entitle plaintiff to file his complaint until March 20, 2000.

Rather than comment on the premature filing, defendants told plaintiff that they intended to file an answer and received two extensions from him. On March 7, 2000, defendants obtained from plaintiff an extension of the time in which to answer. On the date that extension expired, defendants obtained another extension through May 4, 2000. They told plaintiff that they "looked forward to working with" him and "appreciate[d plaintiff's] continued cooperation."

When ultimately defendants filed their answer on May 8, 2000, it was not timely under either the statutory pleading rules for medical malpractice claims or the court rules.[3] See MCL 600.2912e(1) and MCR 2.108(A)(1). It lacked supporting facts, as required by the Michigan court rules. MCR 2.111(F). Moreover, it lacked the requisite affidavit of meritorious defense, as required by statute.

---

[3] It was also after the expiration of the second extension granted by plaintiff.

4

MCL 600.2912e. This affidavit was not filed until May 15, 2000, four days after the mandatory ninety-one-day deadline expired. MCL 600.2912e(1).

Defendants' answer included a statute of limitations defense. However, it did not indicate the basis for defendants' assertion of the defense. On the date the answer was filed, the limitations period had not yet run. The defense was not yet viable and appeared to have been included in the answer as boilerplate. Plaintiff denied that the defense was applicable.

At a pretrial conference on June 29, 2000, defendants expressed satisfaction with the pleadings. Then, on August 24, 2000, defendants brought a motion to dismiss the claim under MCR 2.116(C)(8) or (C)(10), asserting that plaintiff had not complied with the timing provisions of MCL 600.2912b and MCL 600.2912d. Plaintiff challenged defendants' motion on several grounds. Among the reasons was that defendants' conduct had waived the statute of limitations defense.

The trial court granted the motion. It held that the statute of limitations defense in defendants' answer had placed plaintiff on notice of a problem with his pleadings before the expiration of the period of limitations.

The Court of Appeals reversed the grant of summary disposition. It opined that the statutory period of limitations had not elapsed, because plaintiff's prematurely filed complaint and affidavit had tolled the period of limitations. *Burton v Reed City Hosp Corp*, 259 Mich App 74; 673 NW2d 135 (2003). Tolling should be found to have occurred, it reasoned, because defendants had not been prejudiced and because summary disposition with prejudice was an unnecessarily harsh remedy.

### III. ANALYSIS

#### A. DEFENDANTS WAIVED THE STATUTE OF LIMITATIONS DEFENSE

In the trial court, plaintiff argued that the affirmative defense of the statute of limitations had been waived. I agree. "'[W]aiver is the "intentional relinquishment or abandonment of a known right."'" *People v Carines*, 460 Mich 750, 762 n 7; 597 NW2d 130 (1999), quoting *United States v Olano*, 507 US 725, 733; 113 S Ct 1770; 123 L Ed 2d 508 (1993). It is an equitable doctrine applied judicially to avoid injustice. *Roberts v Mecosta Co Gen Hosp,* 466 Mich 57, 76 n 9; 642 NW2d 663 (2002) (KELLY, J., dissenting).

Waiver may be implied by conduct inconsistent with the intent to assert the right. 28 Am Jur 2d, Estoppel and Waiver, § 209, pp 612-613. The party waiving the right

6

must have actual or constructive knowledge of facts that would create the right. *Id.,* § 202, pp 607-608.

Here, defendants did not respond to plaintiff's notice of intent to sue. Defendants contacted plaintiff only after receiving his complaint. Defendants requested two extensions of the time in which to file their answer. They reserved no rights or defenses.

Defendants' answer raised the affirmative defense of the statute of limitations at a time when it was not viable. Plaintiff denied that the defense was applicable. At a pretrial conference, defendants expressed satisfaction with the pleadings.

Defendants knew that the notice period had not elapsed. They also knew that plaintiff's complaint was subject to a statute of limitations. Yet they made no mention that the complaint had been filed prematurely. They did not then assert, and have not yet asserted, any prejudice from receiving plaintiff's complaint before the full notice period had elapsed.

Defendants induced plaintiff to believe that they had no objection to the timing of his complaint. Defendants, who asked twice to file a late answer, cannot equitably

7

harbor a challenge to plaintiff's early complaint.[4] Plaintiff's claim should not be subject to dismissal, with prejudice or otherwise. I would hold that defendants' actions implied a knowing waiver of any affirmative defense that is based on the premature filing of plaintiff's complaint.

### B. UNDER THE MAJORITY'S JURISPRUDENCE, DEFENDANTS FORFEITED THE STATUTE OF LIMITATIONS DEFENSE

This Court has held that, in medical malpractice cases, pleading requirements must be strictly followed. For instance, an affidavit of merit "shall" accompany the complaint,[5] unless the plaintiff obtains an extension from the trial court pursuant to MCL 600.2912d(2).

In *Scarsella v Pollak*,[6] this Court considered MCL 600.2912d(1). There, the plaintiff failed to include an affidavit of merit with his complaint and neglected to obtain an extension. The statutory period of limitations had expired before the plaintiff filed the affidavit. The

---

[4] The majority contends that plaintiff is not entitled to pursue his claim because "a party that stipulates [to] an extension of the time permitted for a filing may not be heard to complain that the filing, when submitted within that extended period, is untimely." *Ante* at 14. However, plaintiff is not claiming that defendants' answer was untimely.

[5] MCL 600.2912d(1).

[6] 461 Mich 547, 553; 607 NW2d 711 (2000).

Court held that, because the plaintiff failed to comply with the mandatory requirement, he failed to commence the action. Thus, the filing of the complaint "'was a nullity'" and did not toll the period of limitations. *Scarsella, supra* at 549 (citation omitted). This interpretation, it concluded, was necessary to effectuate "the Legislature's clear statement that an affidavit of merit 'shall' be filed with the complaint. MCL 600.2912d(1)." *Id.* at 552.

Similarly, this Court has held that "a plaintiff cannot file suit without giving the notice required by [MCL 600.2912b(1)]." *Omelenchuk v City of Warren*, 461 Mich 567, 572; 609 NW2d 177 (2000), overruled in part on other grounds *Waltz v Wyse,* 469 Mich 642, 655; 677 NW2d 813 (2004). The failure to file a notice precludes the filing of a valid complaint. By contrast, defendants "must file an affidavit as provided in . . . [MCL] 600.2912e . . . ." MCR 2.112(L). The Legislature has mandated that medical malpractice defendants promptly respond to complaints with an affidavit of meritorious defense. Unlike plaintiffs, defendants may not obtain "an additional 28 days in which to file the affidavit required . . . ." See MCL 600.2912d(2) and MCL 600.2912e. The fact that, in this case, the parties had agreed to extend the time in which to

9

answer is of no moment. The parties may not rewrite statutes by extrajudicial agreement. See *Harvey v Harvey,* 470 Mich 186, 193-194; 680 NW2d 835 (2004).

Defendants' answer and affidavit of meritorious defense failed to conform to the pleading requirements. Therefore, the trial court could have concluded, following the reasoning in *Scarsella* and *Omelenchuk*, that the answer was deficient. On motion by plaintiff or at the court's own initiative, defendants' nonconforming answer could then have been stricken. MCR 2.115(B). If this had occurred, plaintiff would have been entitled to judgment by default. MCR 2.603(A)(1). See *Kowalski v Fiutowski,* 247 Mich App 156; 635 NW2d 502 (2001).

However, plaintiff did not move to strike defendants' answer or for a default judgment. Nevertheless, the court rules require that a statute of limitations defense be asserted in the first responsive pleading, or it is forfeited. MCR 2.116(D)(2). Forfeiture is the failure to timely assert a known right. *Quality Products & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 379; 666 NW2d 251 (2003).

If the reasoning of *Scarsella* were consistently applied to MCL 600.2912e(1) as it was to MCL 600.2912d(2), defendants' answer would be deemed a nullity because

10

defendants failed to satisfy the mandatory statutory requirements. Thus, even assuming that the statute of limitations defense was a viable affirmative defense at the time it was raised, the defense would be deemed forfeited.

This holding would effectuate "the Legislature's clear statement"[7] that without exception, after the plaintiff has filed a complaint and the requisite affidavit of merit, an answer shall be filed "within 21 days." In addition, an affidavit of meritorious defense shall be filed within "91 days." MCL 600.2912e(1). Here, defendants did neither. Their statute of limitations defense should be deemed forfeited.

### C. DISMISSING PLAINTIFF'S CLAIM WITH PREJUDICE UNDERMINES THE INTENT OF THE LEGISLATURE

The notice provision for medical malpractice suits requires a plaintiff to provide a sound basis for his claim. MCL 600.2912b(4).[8] The Legislature enacted these

---

[7] Scarsella, supra at 552.

[8] The notice given to a health professional or health facility under this section shall contain a statement of at least all of the following:

(a) The factual basis for the claim.

(b) The applicable standard of practice or care alleged by the claimant.

11

requirements to discourage frivolous lawsuits and allow only meritorious claims to proceed.

The Legislature also imposed a presuit requirement on defendants accused of medical malpractice. Defendants must provide the basis for their defense to the alleged malpractice. MCL 600.2912b(7).[9]

---

(c) The manner in which it is claimed that the applicable standard of practice or care was breached by the health professional or health facility.

(d) The alleged action that should have been taken to achieve compliance with the alleged standard of practice or care.

(e) The manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice.

(f) The names of all health professionals and health facilities the claimant is notifying under this section in relation to the claim.

[9] Within 154 days after receipt of notice under this section, the health professional or health facility against whom the claim is made shall furnish to the claimant or his or her authorized representative a written response that contains a statement of each of the following:

(a) The factual basis for the defense to the claim.

(b) The standard of practice or care that the health professional or health facility claims to be applicable to the action and that the health professional or health facility complied with that standard.

12

When these subsections of § 2912b are read together it is apparent that the notice requirements were imposed also to facilitate settlement. They provide the parties with a mandatory period in which to investigate a pending claim and negotiate a settlement before suit is filed. See *Roberts v Mecosta Co Gen Hosp* (*After Remand*), 470 Mich 679, 707; 684 NW2d 711 (2004) (KELLY, J., dissenting). If the defendant fails to respond to the notice of intent, indicating he does not wish to settle the case, the plaintiff is excused from the 182-day requirement. The plaintiff may file suit after 154 days. MCL 600.2912b(8).

In this case, defendants did not take advantage of the statutory notice period. They did not attempt to negotiate a settlement. In fact, they did not respond to plaintiff's notice at all. Plaintiff was thus entitled to file his complaint after 154 days. However, he erroneously filed his complaint and affidavit of merit after 115 days.

---

(c) The manner in which it is claimed by the health professional or health facility that there was compliance with the applicable standard of practice or care.

(d) The manner in which the health professional or health facility contends that the alleged negligence of the health professional or health facility was not the proximate cause of the claimant's alleged injury or alleged damage.

Defendants continued to violate the procedural rules. They did not timely file their answer. MCR 2.108(A)(1). Rather, they obtained two extensions from plaintiff. They asserted that they had difficulty obtaining the relevant records from each other and needed more time to prepare their answer. They did not seek an extension from the trial court as the court rules allow. MCR 2.108(E). Defendants also failed to timely file their mandatory affidavit of meritorious defense. MCL 600.2912e. When defendants ultimately answered, they included a statute of limitations defense.

As the Court of Appeals noted:

> "Statutes of limitation are procedural devices intended to promote judicial economy and the rights of defendants. For instance, they protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence. They also prevent plaintiffs from sleeping on their rights; a plaintiff who delays bringing an action profits over an unsuspecting defendant who must prepare a defense long after the event from which the action arose." [*Burton, supra* at 83, quoting *Stephens v Dixon*, 449 Mich 531, 534; 536 NW2d 755 (1995).]

Defendants asserted the statute of limitations defense after inducing plaintiff to believe that they had no quarrel with the timing of his complaint. Defendants themselves failed to comply with procedural requirements. Allowing defendants to prevail here frustrates the purposes

of the requirements, does nothing to deter stale claims, and does not discourage frivolous litigation. Rather, it precludes valid suits from proceeding on their merits, encourages trial by ambush, and discourages cooperation between the parties.[10] It unjustly penalizes the innocent injured and allows negligent tortfeasors to avoid responsibility for their actions through gamesmanship.[11]

Although, pursuant to MCL 600.2912b(1), plaintiff should not have been allowed to commence his suit, defendants are not entitled to summary disposition. Given that defendants' conduct constitutes waiver of the statute of limitations defense, dismissal of the complaint is contrary to the Legislature's intent and the goals of the relevant court rules.

---

[10] Under the reasoning of today's decision, any deviation from a mandatory statutory deadline risks summary disposition. Parties may now be required to object to any requested accommodation. This is likely to diminish the frequency of settlement. In the future, cooperation like that by plaintiff's counsel may even constitute legal malpractice if it voids an otherwise valid claim or defense.

[11] Indeed, defendants could not, after two extensions, timely file an affidavit of meritorious defense. Despite the misfeasance of defendants, the majority has chosen to selectively apply the statute in lieu of invoking equitable doctrines that ensure justice and fair play.

## IV. CONCLUSION

I disagree that defendants who have slept on their rights as in this case are entitled to raise the affirmative defense of the statute of limitations. I would hold that the defendants here waived and then forfeited the defense.

To hold that plaintiff's complaint does not toll the period of limitations undermines the intent of the Legislature. It does not promote resolution of meritorious claims. It does not discourage frivolous claims. It encourages gamesmanship.

The Court of Appeals properly reversed the trial court's grant of summary disposition for defendants. I would reinstate plaintiff's claim and remand the case for trial on the merits.

> Marilyn Kelly
> Michael F. Cavanagh