**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

**FILED JULY 6, 2005**

RAAD AYAR, VINCENT, INC.,
JOLIET, INC., and R & D
WHOLESALE, INC.,

    Plaintiffs-Appellants,

v                      No. 126870

FOODLAND DISTRIBUTORS and
LIVONIA HOLDING COMPANY,
INC., jointly and severally,

    Defendants,

and

THE KROGER COMPANY,

    Defendant-Appellee.

_____

PER CURIAM.

At issue in this case is when interest begins to accrue, pursuant to MCL 600.6013(8), on costs and attorney fees imposed for rejecting a mediation evaluation, MCR 2.403(O)(1), (6).[1]  The clear language of this statute

_____

[1]  By an amendment in 2000, the rule was amended to refer to "case evaluation" rather than "mediation."  The
(continued…)

indicates that it accrues from the date of the filing of the complaint. The Court of Appeals, in reversing the order of the trial court, incorrectly concluded that accrual did not begin on that date. This was error, and accordingly, pursuant to MCR 7.302(G)(1), we reverse the judgment of the Court of Appeals[2] and reinstate the order of the circuit court.

I

In October 1993 plaintiffs filed a complaint against defendants for damages arising from aspects of the parties' commercial relationships. Mediation was conducted in 1995. The case then proceeded to trial, and plaintiffs eventually were awarded a substantial verdict in a final judgment dated June 21, 2002. This judgment included prejudgment interest and "costs and attorney fees to be assessed, if any." In an order dated June 24, 2002, the circuit court granted plaintiffs' motion for assessment of costs and mediation sanctions, MCR 2.403(O), and determined the

———————————————

(continued…)
mediation in this case occurred in 1995. Consequently, we will refer to "mediation" in this opinion.

[2] *Ayar v Foodland Distributors*, 263 Mich App 105; 687 NW2d 365 (2004).

specific amounts applicable to the various defendants.[3] An issue then arose concerning interest on these amounts. In an order dated November 14, 2002, the trial court ordered that interest on the costs and mediation sanctions awarded in its June 24 order was to be calculated from the date the complaint was filed.

The Court of Appeals reversed that order and remanded the matter for a redetermination of the amount of interest. It recognized that judgment interest is allowed on an award of mediation sanctions,[4] but determined that interest should be calculated from the date of the judgment awarding mediation sanctions, June 24, 2002. The Court of Appeals reasoned that, before that date, no mediation award existed upon which interest could be calculated.

## II

Questions of statutory interpretation are reviewed de novo. *Burton v Reed City Hosp Corp*, 471 Mich 745, 751; 691 NW2d 424 (2005); *Morales v Auto-Owners Ins Co (After Remand)*, 469 Mich 487, 490; 672 NW2d 849 (2003). Clear and unambiguous statutory language is given its plain meaning,

---

[3] Defendant-appellant Kroger Company was ordered to pay $381,752.

[4] Defendant Kroger's argument pertains to the date interest commences, not to whether interest can be awarded on mediation sanctions.

and is enforced as written.  *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002).

### III

At issue here is MCL 600.6013(8), which provides, in pertinent part:

> [F]or complaints filed on or after January 1, 1987, interest on a money judgment recovered in a civil action is *calculated* at 6-month intervals *from the date of filing the complaint* at a rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually, according to this section. *Interest under this subsection is calculated on the entire amount of the money judgment, including attorney fees and other costs.* The amount of interest attributable to that part of the money judgment from which attorney fees are paid is retained by the plaintiff, and not paid to the plaintiff's attorney.  [Emphasis added.][5]

The statute plainly states that interest on a money judgment is calculated from the date of filing the complaint.  We find this language to be clear and unambiguous, as we did in *Morales*, *supra*.  In *Morales*, we concluded that the statute makes no exception for periods of prejudgment appellate delay, and that interest on a judgment following such a delay is calculated, without

---

[5] This is the wording of the statute as amended by 2002 PA 77, effective March 21, 2002, that applies to the June 24, 2002, judgment in this case.

interruption, from the date the complaint is filed. Similarly, the statute makes no exception for attorney fees and costs ordered as mediation sanctions under MCR 2.403(O).

The Court of Appeals was correct in applying the judgment interest statute to mediation sanctions. Defendant Kroger does not dispute this point, and the statute expressly applies to "attorney fees and other costs."

The Court of Appeals was mistaken, however, in considering mediation sanctions to be in the nature of an additional claim for damages that did not arise until long after the complaint was filed. The mediation process is an integral part of the proceeding commenced when plaintiffs filed their complaint. The realization of mediation sanctions is tied directly to the amount of the verdict rendered with regard to that complaint. MCR 2.403(O)(1). Indeed, the award of prejudgment interest on mediation sanctions is part of the final judgment against defendants. At all times during which interest was assessed, plaintiffs' claim against defendants was in dispute. Therefore, the Court of Appeals was incorrect to suggest that *Rittenhouse v Erhart*, 424 Mich 166, 217-218; 380 NW2d

5

440 (1985) (Riley, J.), dictated a different result in this case.[6]

### IV

We conclude that, under MCL 600.6013(8), judgment interest is applied to attorney fees and costs ordered as mediation sanctions under MCR 2.403(O) from the filing of the complaint against the liable defendant. This results from a plain reading of the statute. The statute provides no special treatment for judgment interest on mediation sanctions. Therefore, we reverse the judgment of the Court of Appeals, reinstate the order of the circuit court, and remand to the circuit court for further proceedings consistent with this opinion.

We acknowledge that there are meaningful policy reasons for a statute that would provide for interest on mediation sanctions from a date later than when the complaint is filed. Costs imposed under MCR 2.403(O) are

---

[6] In *Rittenhouse*, we held that prejudgment interest owed by a party accrued from the date of the complaint adding that party. The case at bar does not involve an added party, but, consistent with *Rittenhouse*, the circuit court ordered interest from the filing of the complaint against the defendant liable for the judgment.

Because this case does not involve an added party, Justice Cavanagh's continuing disagreement with the *Rittenhouse* decision is irrelevant to the disposition of this case.

6

in the nature of sanctions, and a successful plaintiff will otherwise receive interest on the judgment itself, in addition to costs and attorney fees that can be ordered under MCR 2.403(O). We invite our Legislature to reconsider whether interest should be imposed on mediation sanctions from the date a complaint is filed. As this case shows, the amount of mediation sanctions might not be determined until several years after the filing date. It would not be unreasonable to amend the statute to provide a result similar to that reached by the Court of Appeals. However, that result does not follow from the statute as it is currently written.

> Clifford W. Taylor
> Elizabeth A. Weaver
> Maura D. Corrigan
> Robert P. Young, Jr.
> Stephen J. Markman

RAAD AYAR, VINCENT, INC.,
JOLIET, INC., AND R & D
WHOLESALE, INC.,

     Plaintiffs-Appellants,

v                                                              No. 126780

FOODLAND DISTRIBUTORS AND
LIVONIA HOLDING COMPANY,
INC., JOINTLY AND SEVERALLY,

     Defendants,

and

THE KROGER COMPANY,

     Defendant-Appellee.
_____

CAVANAGH, J. (*concurring*).

I concur with the majority's holding that interest on an award of mediation sanctions should be calculated from the date the complaint was filed. However, I write separately for two reasons.

First, I disagree with the majority's discussion of *Rittenhouse v Erhart*, 424 Mich 166; 380 NW2d 440 (1985). See *ante* at 5, n 6. In the present case, the majority

correctly concludes that MCL 600.6013(8)[1] is an unambiguous statute that must be applied as written. As such, it accurately determines that because the statute contains no exception pertaining to mediation sanctions, interest on mediation sanctions is calculated from the time the complaint was filed. What the majority fails to acknowledge, however, is that under these same rules of construction, no exception that allows for changing the time of calculation when a party has been added after the initial complaint was filed can be found either, contrary to the majority position in *Rittenhouse*, *supra* at 217-218 (Riley, J.).

In *Rittenhouse*, the majority undertook to interpret and rewrite this plain statutory provision to hold that when a party is added to a lawsuit that is already in progress, interest on the money judgment accrues not from

---

[1] In pertinent part, the statute in force at the relevant time instructed:

> [F]or complaints filed on or after January 1, 1987, interest on a money judgment recovered in a civil action is calculated at 6-month intervals from the date of filing the complaint . . . . Interest under this subsection is calculated on the entire amount of the money judgment, including attorney fees and other costs.

"the date of filing the complaint," as instructed by MCL 600.6013(8), but from "the date of the filing of the complaint *upon the defendant against whom the judgment has been entered*." *Rittenhouse, supra* at 218 (Riley, J.) (emphasis added). But, just like the statute contains no exceptions for periods of prejudgment appellate delay, *Morales v Auto-Owners Ins Co (After Remand)*, 469 Mich 487, 490-492; 672 NW2d 849 (2003), interest on claims added in amended complaints, *Phinney v Perlmutter*, 222 Mich App 513, 539-543; 564 NW2d 532 (1997), or interest on mediation sanctions, *ante* at 5, it likewise contains no exception for interest on a judgment against a *particular* defendant. See *Rittenhouse, supra* at 190-191 (Brickley, J.).

These four conclusions are consistent, and all are reached by recognizing that MCL 600.6013 is clear and unambiguous and must be applied as written. Thus, I find the majority's attempt to distinguish this Court's holding in *Rittenhouse*, which was reached by rewriting the statute, disingenuous in light of the majority's recognition in this case that the statute is "plain[]", "clear[,] and unambiguous." *Ante* at 4.

Second, I disagree that the majority should engage in a patent imploration to the Legislature, see *ante* at 6-7, to change a law to comport with the majority's policy

3

views. The majority's entreaty is not only inappropriate, but it contravenes the central purpose of the statute it seeks to change. MCL 600.6013 is a remedial statute designed to "compensate the claimant for delays in recovering money damages," *Yaldo v North Pointe Ins Co*, 457 Mich 341, 350; 578 NW2d 274 (1998), offset costs incurred in bringing the action, encourage prompt settlement, and discourage defendants from unnecessarily delaying litigation. *Old Orchard by The Bay Assoc v Hamilton Mut Ins Co*, 434 Mich 244, 252-253; 454 NW2d 73 (1990), disavowed in part on other grounds *Holloway Constr Co v Oakland Co Bd of Co Rd Comm'rs*, 450 Mich 608 (1996). The majority should not, on the basis of what it considers "meaningful policy reasons," *ante* at 6, engage in the business of "inviting" the Legislature to revisit a policy that the Legislature has clearly already deemed meaningful by virtue of enacting the statute that furthers it.

Michael F. Cavanagh
Marilyn Kelly

4