CAVANAGH, J.
(concurring). I concur with the majority’s holding that interest on an award of mediation sanctions should be calculated from the date the complaint was filed. However, I write separately for two reasons.
First, I disagree with the majority’s discussion of Rittenhouse v Erhart, 424 Mich 166; 380 NW2d 440 (1985). See ante at 717 n 6. In the present case, the *719 majority correctly concludes that MCL OOO.OOISCS)[1] is an unambiguous statute that must be applied as written. As such, it accurately determines that because the statute contains no exception pertaining to mediation sanctions, interest on mediation sanctions is calculated from the time the complaint was filed. What the majority fails to acknowledge, however, is that under these same rules of construction, no exception that allows for changing the time of calculation when a party has been added after the initial complaint was filed can be found either, contrary to the majority position in Rittenhouse, supra at 217-218 (RILEY, J.).
In Rittenhouse, the majority undertook to interpret and rewrite this plain statutory provision to hold that when a party is added to a lawsuit that is already in progress, interest on the money judgment accrues not from “the date of filing the complaint,” as instructed by MCL 600.6013(8), but from “the date of the filing of the complaint upon the defendant against whom the judgment has been entered.” Rittenhouse, supra at 218 (Riley, J.) (emphasis added). But, just like the statute contains no exceptions for periods of prejudgment appellate delay, Morales v Auto-Owners Ins Co (After Remand), 469 Mich 487, 490-492; 672 NW2d 849 (2003), interest on claims added in amended complaints, Phinney v Perlmutter, 222 Mich App 513, 539-543; 564 NW2d 532 (1997), or interest on mediation sanctions, ante at 717, it likewise contains no exception *720 for interest on a judgment against a particular defendant. See Rittenhouse, supra at 190-191 (BRICKLEY, J.).
These four conclusions are consistent, and all are reached by recognizing that MCL 600.6013 is clear and unambiguous and must be applied as written. Thus, I find the majority’s attempt to distinguish this Court’s holding in Rittenhouse, which was reached by rewriting the statute, disingenuous in light of the majority’s recognition in this case that the statute is “plain [],” “clear[,] and unambiguous.” Ante at 716.
Second, I disagree that the majority should engage in a patent imploration to the Legislature, see ante at 718, to change a law to comport with the majority’s policy views. The majority’s entreaty is not only inappropriate, but it contravenes the central purpose of the statute it seeks to change. MCL 600.6013 is a remedial statute designed to “compensate the claimant for delays in recovering money damages,” Yaldo v North Pointe Ins Co, 457 Mich 341, 350; 578 NW2d 274 (1998), offset costs incurred in bringing the action, encourage prompt settlement, and discourage defendants from unnecessarily delaying litigation. Old Orchard by The Bay Assoc v Hamilton Mut Ins Co, 434 Mich 244, 252-253; 454 NW2d 73 (1990), disavowed in part on other grounds Holloway Constr Co v Oakland Co Bd of Co Rd Comm’rs, 450 Mich 608 (1996). The majority should not, on the basis of what it considers “meaningful policy reasons,” ante at 718, engage in the business of “inviting” the Legislature to revisit a policy that the Legislature has clearly already deemed meaningful by virtue of enacting the statute that furthers it.
Kelly, J., concurred with Cavanagh, J.

 In pertinent part, the statute in force at the relevant time instructed:
[F]or complaints filed on or after January 1, 1987, interest on a money judgment recovered in a civil action is calculated at 6-month intervals from the date of filing the complaint.... Interest under this subsection is calculated on the entire amount of the money judgment, including attorney fees and other costs.